UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY SCHUYLER, individually and
on behalf of all others similarly situated,

                    Plaintiff,

      -against-                              Civil Action No. 5:13-CV-521 [NAM/ATB]

CRAWFORD RESTAURANT GROUP, LLC,
RALPH CRAWFORD d/b/a RALPH CRAWFORD
ENTERPRISES, and MCDONALD'S CORPORATION

                    Defendants.
_____

        Plaintiff asserts the following as his Complaint against defendants:

**INTRODUCTION**

1.    Plaintiff brings this action on behalf of himself and all others similarly situated for

      wage theft perpetrated by defendants against their employees.

2.    Plaintiff also brings this claim in his individual capacity because he was wrongfully

      terminated in retaliation for making good-faith complaints about defendants' wage-

      hour violations.

3.    Specifically, it is alleged that for at least the past six years, defendants have

      repeatedly and systematically engaged in the practice of "time shaving" whereby they

      reduced their labor costs by stealing from McDonald's Corporation franchise

      employees.

4.    The wage theft and fraud was perpetuated by using a time punch change form through

      defendant McDonald's Corporation's time-keeping system.

5.      The wage theft occurred at several McDonald's Corporation franchises throughout upstate New York.

6.      Routinely the supervisor in charge of managing labor costs deleted compensable time from hourly employees' time records in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor Law Articles 6 and 19.

7.      Employees were not advised of the wage deductions, in violation of State and Federal law.

8.      Many of the reductions resulted in employees being shorted on mandatory overtime pay pursuant to Federal and State law.

9.      Employees were also routinely denied a full thirty minute uninterrupted lunch break as required by law.

10.     The failure to pay workers for all hours worked also resulted in many employees being compensated below the State and Federal minimum wage.

11.     Plaintiff brought these violations to the attention of his supervisor, and, ultimately the owner of the franchise location.

12.     Plaintiff was harassed, intimidated, threatened, and demoted in response to making the complaint.

13.     Plaintiff was ultimately terminated from his position in response to making the complaint.


**PARTIES**

14.     Plaintiff Jeffrey Schuyler is an individual that resides in Liverpool, New York (Onondaga County).

15.     Mr. Schuyler was employed at a McDonald's Corporation franchise located at 107
7th North Street, Liverpool, New York.

16.     Mr. Schuyler was hired in a non-exempt position in June 2012.

17.     Throughout his employment, plaintiff consistently was deprived pay for hours he
worked.

18.     For example, Mr. Schuyler routinely worked in excess of 8 hours during his shift yet
his time would consistently be cut down to 8 hours per day.

19.     Mr. Schuyler was also deprived of an uninterrupted thirty minute lunch break
frequently.  In a typical week, plaintiff Jeffrey Schuyler would work three shifts in
which he was deprived of pay for working during his lunch break.

20.     Upon information and belief defendant Ralph Crawford is an individual that resides
in Onondaga County, State of New York.

21.     Upon information and belief, Crawford Restaurant Group, LLC is a foreign limited
liability company with its principal place of business located in Onondaga County,
State of New York.

22.     Upon information and belief, the McDonald's franchises at issue in this case were and
are owned by defendant Crawford Restaurant Group, LLC.

23.     In the alternative, the McDonald's franchises were owned by Ralph Crawford d/b/a
Ralph Crawford Enterprises, and, were subsequently sold and/or transferred to
Crawford Restaurant Group, LLC within the past six years.

24.     Upon information and belief defendant Ralph Crawford is a shareholder/owner of
Crawford Restaurant Group, LLC.

25.   Upon information and belief, defendant Ralph Crawford is an individual with control over the financial affairs of Crawford Restaurant Group, LLC.

26.   Upon information and belief, Crawford Restaurant Group, LLC is the successor in interest to Ralph Crawford Enterprises.

27.   Ralph Crawford is individually liable for all wage hour violations based upon his control over the financial affairs of the McDonald's Corporation franchises at issue.

28.   In the alternative, Ralph Crawford d/b/a Ralph Crawford Enterprises owned all of the franchises in question in this suit in the past six years.

29.   The franchises at issue in this case are all defendant McDonald's Corporation franchises owned by Ralph Crawford and/or Crawford Restaurant Group, LLC during the past six years.  These franchise locations include but are not limited to:

- 107 7th North Street, Liverpool, New York, 13208

- New York State Thruway Schuyler Travel Plaza, Milepost 227 Westbound, Frankfort, NY 13340

- New York State Thruway Travel Plaza, Port Byron, Milepost 310 Eastbound, Port Byron, NY 13140

- 2442 Erie Blvd., Syracuse, NY  13224

- New York State Thruway Travel Plaza, DeWitt, Milepost 280 Eastbound, Syracuse, NY 13206

- East Syracuse Wal-mart McDonald's, Manlius Street, East Syracuse, New York, 13057

- 50 Albany Street, Little Falls, New York, 13365

30.  Upon information and belief there were as many as six additional McDonald's restaurants run by Ralph Crawford and/or Crawford Restaurant Group, LLC during the past six years.

31.  Upon information and belief defendant McDonald's Corporation is a foreign business corporation with its principal place of business located in Oak Brook, Illinois.

32.  Upon information and belief, McDonald's Corporation is liable for the acts of its franchisee because McDonald's Corporation exercises sufficient control over the operations and management of the franchise in order to meet the Enterprise Test, the Joint Employer Test and the Economic Realities Test, as those multi-factored tests have developed under case law.

33.  In particular, as relevant to this case, upon information and belief, McDonald's Corporation, among other things, mandated that the franchisee use a time management system implemented and run by McDonald's Corporation.

34.  Further, given the extraordinarily high number of "time punch change" requests submitted through the McDonald's Corporation computer system from the franchises in question, McDonald's Corporation was on notice of the wage and hour violations yet failed to take any corrective action to remedy the problem.

35.  Each defendant is an "employer" under the applicable wage and hour laws based upon their management and control over the wages and hours worked by employees working at the relevant McDonald's restaurants.

## JURISDICTION AND VENUE

36.   This Court has original jurisdiction pursuant to 28 U.S.C.  § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §201 et. seq.

37.   This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over New York State wage and hour claims because such claims derive from a common nucleus of operative facts.

38.   Venue is proper in the Northern District of New York pursuant to 28 U.S.C.  § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

39.   The complaint in this action asserts claims for defendants' failure to pay plaintiff and the members of the class proper wages, including, but not limited to, straight time and overtime wages.

40.   Employees in the class are expected to punch in each day when they come to work, and, to punch out at the end of the day.

41.   Employee in the class also must punch in and out for breaks.

42.   The time clock keeps a very precise record of all hours worked.

43.   On occasion there is a need for a time change request, for example, where an employee forgot to punch in or out.

44.   However, it is alleged that defendants' routinely encouraged and condoned a practice whereby its supervisory staff entered time change requests without the employee's knowledge or consent, thereby deleting or editing hours actually worked by employee.

45.  This practice was not consistent with allowable rounding rules in the FLSA
     implementing regulations as the blocks of times rounded down were many times
     larger than allowed by law, and, because the protocol followed resulted in a
     systematic reduction to employee wages.

46.  Plaintiff Jeffrey Schuyler became suspicious of the wage theft in January 2013.

47.  After he reviewed the time change forms he realized he was consistently being
     docked pay without his consent and without justification as the time clock punches
     were accurate and did not need to be changed.

48.  Jeffrey Schuyler complained to the "People's Manager", a supervisor that goes by the
     name of "Ivy."

49.  Ivy informed Jeffrey Schuyler that she routinely deletes time where the employee
     either:  (a) punches in before his/her scheduled shift or break time; or, (b) where the
     employee punches out after his/her scheduled shift or break time.

50.  The changes to the time reporting system systematically resulted in lower wages to
     employees.

51.  Notably, Ivy stated to Jeffrey Schuyler that there was nothing wrong with the practice
     and that it had been going on for a number of years and that this is the way it is
     handled for all stores owned by Ralph Crawford.

52.  Jeffrey Schuyler protested as the practice had resulted in a paycheck that did not
     properly reflect the number of hours he actually worked.

53.  Jeffrey Schuyler ultimately brought the matter up with another manager and
     eventually he was paid $1000.00, an amount that did not fully compensate him for the

overtime he had lost, but, since he was assured that the practice would be stopped, it was something that he accepted.

54.   However, the wage theft did not stop.

55.   Over the course of February and March 2013, Jeffrey Schuyler continued to work hours for which he was not paid.

56.   In late March 2013, Jeffrey Schuyler reviewed several time punch change reports.  In reviewing the reports for 12 different days, he saw 26 reductions to non-exempt employee time records.  The reductions were as small as 1 minute and as large as one hour.  On average the reductions were between 5 minutes and 15 minutes.

57.   However, based upon the rounding used by McDonald's time system, each time change resulted in a reduction to compensable time to McDonald's employees.

58.   Many of the reductions also resulted in denial of overtime pay.  It is noteworthy that the McDonald's timekeeping system specifically warns the manager that an employee has reached enough hours to entitle him or her to overtime by stating "WARNING: EMPLOYEE HAS EXCEEDED WEEKLY OVERTIME LIMIT."  It is respectfully submitted that this warning by defendant McDonald's Corporation encourages supervisors to shave time for these employees to cut on labor costs.

59.   Further, upon information and belief, despite the time record repeatedly indicating that overtime had been incurred, weekly payroll figures did not reflect any actual payments for overtime, further alerting defendants to the wage theft.

60.   It is therefore respectfully submitted that the exercise of reasonable diligence would have brought the wage theft to defendants attention, and, therefore, the failure to

detect and stop the wage theft earlier is proof of intentional, or at the very least, reckless conduct by defendants.

61. Jeffrey Schuyler's review of the time change reports also confirmed that Mr. Schuyler was not paid on several days for all hours worked.

62. On or about March 24, 2013, Jeffrey Schuyler made a complaint to manager Jennifer Rawles. This time Mr. Schuyler stated that he had reviewed the time change forms and, not only was he shorted on his pay for hours worked; he also brought up the fact that a large number of other employees likewise had time deleted for time that Jeffrey Schuyler knew they had worked.

63. Jennifer Rawles promised that she would investigate the matter and make sure the practice was stopped. She also promised not to let anyone know that Jeffrey Schuyler was the employee that had complained.

64. Jennifer Rawles informed Ivy about the wage theft complaint.

65. Over the course of the next week Jeffrey Schuyler was repeatedly harassed and screamed at by Ivy who was very angry that he had complained about the wage theft. On several occasions Ivy threatened Jeffrey Schuyler and used expletives toward him.

66. Jeffrey Schuyler also was retaliated against by having his schedule changed, receiving a demotion, and, having his hours reduced.

67. Jeffrey Schuyler then complained by phone directly to Ralph Crawford, both about the wage theft that was occurring as well as the unprofessional behavior of Ivy, the manager who had perpetuated the wage theft and was now retaliating against him. Ralph Crawford said he would look into the matter and get back to Jeffrey Schuyler.

68. On April 4, 2013 Ralph Crawford called an in person meeting with Jeffrey Schuyler at which time he stated that "This is my business" and "I cannot have you working here any longer."

69. Upon information and belief, many of the employees in the class do not have access to their time reports that reflect time discrepancies and time shaving practices. Thus, upon information and belief, most employees are unaware that defendants have failed to compensate them for work performed before and after shifts.

70. It is further alleged that most employees are routinely denied a full half hour uninterrupted lunch break, but, are not aware that the law requires them to this uninterrupted break.

71. Defendants do not prohibit class members from working during their lunch breaks and routinely suffer or permit employees to perform such work during their lunch breaks.

72. Defendants routinely fail to ensure that unauthorized work is not being performed during lunch breaks.

73. Defendants improperly shift the burden on its employees to take affirmative steps to seek payment for work performed during their lunch breaks and/or before or after their regular shifts.

74. Even though defendants are aware that employees are performing work during lunch breaks and/or before or after their regular shifts, they fail to compensate them for their work, electing instead to accept the benefit of the uncompensated work.

## FAIR LABOR STANDARDS COLLECTIVE ACTION ALLEGATIONS

75. Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Plaintiff Jeffrey Schuyler brings this FLSA collective action on behalf of himself and all those similarly situated pursuant to 29 U.S.C. § 207 and 216(b), and specifically on behalf of:

> all persons who work or have worked as a non-exempt employee for a McDonald's restaurant located in the State of New York and owned by Crawford Restaurant Group, LLC; Ralph Crawford; and/or Ralph Crawford Enterprises, in the past three years who were (a) not paid for all work performed while clocked-in; (b) were not paid for all work performed while off-the-clock; and, (c) were not compensated for time worked over forty hours per week at overtime rates (the "FLSA Class").

77. Excluded from the FLSA Class are defendants, their officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendants. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Class.

78. Plaintiff is unable to state the exact number of the class without discovery of defendants' books and records but estimates the class to be approximately 500 individuals.

79. Defendants required plaintiff and the FLSA Class members to work during required meal periods and to perform work on-the-clock and/or off-the-clock for which they were not fully compensated. Defendants also failed to pay Plaintiff and members of the FLSA Class time and one half their regular rate of pay for hours worked beyond forty hours in a workweek.

80.   Defendants' unlawful conduct has been widespread, repeated and consistent.

81.   Defendants' conduct was willful and in bad faith and has caused significant damages to plaintiff Jeffrey Schuyler and all members of the FLSA Class.

82.   Defendants are liable under the FLSA for failing to properly compensate plaintiff and the FLSA Class and for failing to properly document wage deductions, and as such, notice should be sent out to the FLSA class.

83.   There are numerous similarly situated, current and former employees of defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and be provided an opportunity to join in the action.  The FLSA Class members are known to defendants and should be easily identified through defendants' books and records.

## NEW YORK CLASS ACTION ALLEGATIONS

84.   Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85.   Plaintiff Jeffrey Schuyler brings this class action on behalf of himself and all those similarly situated pursuant to Rule 23 on behalf of a class consisting of:

all persons who work or have worked as a non-exempt employee for a McDonald's restaurant located in the State of New York and owned by Crawford Restaurant Group, LLC; Ralph Crawford; and/or Ralph Crawford Enterprises, in the past six years who were (a) not paid for all work performed while clocked-in; (b) were not paid for all work performed while off-the-clock; and, (c) were not compensated for time worked over forty hours per week at overtime rates (the "New York Class").

86.   Excluded from the New York Class are defendants, their officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any

time during the class period has had, a controlling interest in defendants. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

87.   Plaintiff is unable to state the exact number of the class without discovery of defendants' books and records but estimates the class to be approximately 500 individuals. Therefore, the members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

88.   Plaintiff Jeffrey Schuyler's claims are typical of the claims for the New York Class members because: (a) they are likewise non-exempt employees who were not compensated for work performed; (b) are victims of wage theft perpetrated by defendants through an illegal time-shaving scheme; (c) were routinely permitted and asked to work during their lunch breaks and were therefore deprived of wages; and (d) were deprived of overtime pay they were entitled to by law.

89.   The damages suffered by plaintiff Jeffrey Schuyler and the New York Class members are similar in that all class members have been deprived of wages and overtime pay as a result of the common policies, practices and patterns of conduct by defendants.

90.   Plaintiff Jeffrey Schuyler will fairly and adequately protect the interests of the New York Class.

91.   Plaintiff Jeffrey Schuyler has retained competent counsel with experience in class action and wage hour litigation.

92.   There is no conflict between plaintiff Jeffrey Schuyler and the New York Class.

93.   Common questions of law and fact exist as to the New York Class that predominates over any questions solely affecting them individually. Specifically, the factual and

legal issues common to the class involve: (a) whether defendants failed and/or refused to pay plaintiff and the New York Class for all of the compensable time that they worked for defendants while clocked-in; (b) whether defendants failed and/or refused to pay plaintiff and the New York Class for all of the compensable time that they worked for defendants while off-the-clock; (c) whether defendants failed to keep true and accurate time records for all hours worked as required by New York Labor Law §§ 190 et. seq.; (d) whether defendants correctly compensated members of the New York Class for hours worked in excess of forty hours per week; (e) whether defendants complied with the posting and written notice requirements of the New York State Wage Theft Protection Act; (f) whether defendants complied with posting requirements under the New York State Labor Law; (g) whether defendants engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting members of the New York Class to perform work for defendants benefit which was not compensated; (h) whether defendants' policy and practice of failing to pay workers for all hours worked was instituted willfully or with reckless disregard of the law; and (i) the nature and extent of class-wide injury and measure of damages for those injuries.

94.    Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner

other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.   Members of the New York Class are readily ascertainable to defendants and should be easily identified through defendants' books and records.

95.    Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible and unpredictable standards of conduct for defendants.

96.    Without a class action, defendants will retain the benefits of their wrongdoing and will continue to engage in the unlawful practices outlined in this Complaint with impunity, resulting in further damage to members of the New York Class.

97.    Appropriate notice will be sent to all members of the New York Class as required by Federal Rule of Civil Procedure, Rule 23.

### FIRST CAUSE OF ACTION

(FLSA collective action on behalf of Plaintiff and FLSA Class)

98.    Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.    Plaintiff Jeffrey Schuyler hereby consents in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and attached hereto as **Exhibit A** is a copy of plaintiff's opt-in notification.

100.    The FLSA requires each covered employer such as defendants to compensate all non-exempt employees for all hours worked.

101.  The FLSA also requires non-exempt employees to be compensated at the rate of one and one half times their regular rate of pay for each hour worked in excess of forty hours per work week.

102.  The FLSA also requires each non-exempt employee to be paid at the minimum wage for all hours worked.

103.  Defendants likewise failed to provide plaintiff and members of the FLSA Class with legally compliant payroll statements, as pay stubs did not set forth the (illegal) wage deductions made by defendants.

104.  By failing to properly account for all hours worked and by intentionally engaging in a practice of time-shaving, defendants regularly and consistently failed to pay plaintiff and members of the FLSA Class for all hours worked.

105.  By failing to properly account for all hours worked and by intentionally engaging in a practice of time-shaving, defendants regularly and consistently failed to pay wages to plaintiff and the FLSA class at the minimum wage.

106.  By failing to properly account for all hours worked and by intentionally engaging in a practice of time-shaving, defendants regularly and consistently failed to pay plaintiff and the FLSA class for overtime premiums lawfully earned.

107.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

108.  Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

109.   Plaintiff on behalf of himself and the FLSA Class seeks damages in the amount of their unpaid wages, overtime compensation, interest, and such other legal and equitable relief this Court deems just and proper.

110.   Plaintiff on behalf of himself and the FLSA Class seeks liquidated damages in an amount equal to their actual damages.

111.   Plaintiff on behalf of himself and the FLSA Class seeks punitive damages in an amount to be decided by the Court.

112.   Plaintiff on behalf of himself and the FLSA Class seeks recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

(State law class action on behalf of Plaintiff and New York Class)

113.   Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.   Pursuant to New York Labor Law §§ 190, 191, 193, 195.1, 198 and 650 et. seq., defendants have willfully failed to pay plaintiff and the New York Class for all hours worked.

115.   As outlined above, defendants engaged in a repeated course of conduct in which they improperly deducted and deleted compensable time from time records.

116.   New York Law requires each covered employer such as defendants to compensate all non-exempt employees for all hours worked.

117.   New York Law also requires non-exempt employees to be compensated at the rate of one and one half times their regular rate of pay for each hour worked in excess of forty hours per work week.

118.   New York Law also requires each non-exempt employee to be paid at the minimum wage for all hours worked.

119.   By failing to properly account for all hours worked and by intentionally engaging in a practice of time-shaving, defendants regularly and consistently failed to pay plaintiff and members of the New York Class for all hours worked.

120.   By failing to properly account for all hours worked and by intentionally engaging in a practice of time-shaving, defendants regularly and consistently failed to pay wages to plaintiff and the New York Class at the minimum wage.

121.   By failing to properly account for all hours worked and by intentionally engaging in a practice of time-shaving, defendants regularly and consistently failed to pay plaintiff and the New York Class for overtime premiums lawfully earned.

122.   Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

123.   Defendants also failed to provide plaintiff and members of the New York Class with the required written notices under the New York State Wage Theft Protection Act. Specifically, the Act requires new hires to be provided with a written notice stating in pertinent part:  the employee's rate or rates of pay, including the employee's overtime rate of pay (for all non-exempt employees); the basis for the employee's rate of pay (for example, by the hour, shift, day, week, salary, or commission); the statutory exemption that applies, if any;  any allowances claimed as part of the minimum wage

(e.g., tips, meals, etc.); the regular pay day designated by the employer; the employer's name, including any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the employer's telephone number.

124. This same notice must be provided to all existing employees each year no later than February 1st and if the employer makes any changes to the information contained in the notice and such changes are not reflected in the employee's payroll statements, the employer must give the employee written notice of the change at least seven (7) days before the change becomes effective.

125. Plaintiff and the New York Class members were not given written notices in compliance with the law.

126. Defendants likewise failed to provide plaintiff and members of the New York Class with legally compliant payroll statements, as pay stubs did not set forth the (illegal) wage deductions made by defendants.

127. The foregoing conduct, as alleged, constitutes willful violations of the New York Law.

128. Plaintiff on behalf of himself and the New York Class seeks damages in the amount of their unpaid wages, overtime compensation, interest, and such other legal and equitable relief this Court deems just and proper.

129. Plaintiff on behalf of himself and the New York Class seeks liquidated damages in an amount equal to their actual damages.

130.   Plaintiff on behalf of himself and the New York Class seek statutory penalties of $2500.00 for each class member for defendants' failure to provide legally compliant written statements pursuant to New York Labor Law 195.1.

131.   Plaintiff on behalf of himself and the New York Class seek statutory penalties of $2500.00 per class member for defendants' failure to provide legally compliant payroll statements pursuant to New York Labor Law 195.3.

132.   Plaintiff on behalf of himself and the New York Class seeks recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by New York Labor Law § 198.

133.   Plaintiff on behalf of himself and the New York Class seeks punitive damages in an amount to be decided by the Court.

## THIRD CAUSE OF ACTION

(FLSA retaliation and wrongful discharge claim on behalf of Plaintiff)

134.   Plaintiff individually re-alleges and incorporates by reference all allegations in all preceding paragraphs.

135.   On various occasions throughout plaintiff Jeffrey Schuyler's employment, he complained about pay practices of defendants that were unlawful under the FLSA.

136.   Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein and by attempting to secure documentary evidence of defendants' illegal conduct.

137.   Defendants initially responded by harassing and threatening plaintiff.

138. After further complaints about the illegal wage deductions, plaintiff was subjected to further threats and harassment, demoted, and, involuntarily had his shifts changed and hours reduced.

139. Defendants knew that plaintiff was in fact being harassed and retaliated against because he spoke up concerning wage hour violations.

140. Defendants did nothing to rectify the situation and continued to allow the harassment and retaliation to continue.

141. In fact, approximately a week after making his final complaint, on April 4, 2013, defendants wrongfully terminated plaintiff Jeffrey Schuyler in direct response to his report of wage hour violations.

142. Defendants willfully, intentionally, and unlawfully retaliated against plaintiff based on his lawful complaints of wage-hour violations.

143. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

144. Defendant Ralph Crawford is subject to individual liability pursuant to 29 U.S.C. §§ 203(e)(1) and 215(a)(3) for the retaliatory conduct.

145. Plaintiff Jeffrey Schuyler suffered and continues to suffer emotional distress, embarrassment, and, ridicule as a result of defendants' unlawful actions.

146. Defendants have terminated plaintiff and otherwise discriminated against him as a result of his protected conduct.

147. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating

against an employee because that employee has engaged in protected conduct." 29

U.S.C. § 215(a)(3).

148.   As a result of defendants' willful violations of the FLSA, plaintiff Jeffrey Schuyler is

entitled to recover from defendants for front-pay, back-pay, mental anguish, punitive

damages, reasonable attorneys' fees and costs/disbursements of prosecuting this case,

plus liquidated damages, pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

(State law retaliation and wrongful discharge claim on behalf of plaintiff Jeffrey Schuyler)

149.   Plaintiff individually re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

150.   On various occasions throughout plaintiff Jeffrey Schuyler's employment, he

complained about pay practices of defendants that were unlawful under New York

Law.

151.   Plaintiff engaged in protected conduct by complaining about the wage hour violations

alleged herein and by attempting to secure documentary evidence of defendants'

illegal conduct.

152.   Defendants initially responded by harassing and threatening plaintiff.

153.   After further complaints about the illegal wage deductions, plaintiff was subjected to

further threats and harassment, demoted, and, involuntarily had his shifts changed and

hours reduced.

154.   Defendants knew that plaintiff was in fact being harassed and retaliated against

because he spoke up concerning wage hour violations.

155. Defendants did nothing to rectify the situation and continued to allow the harassment and retaliation to continue.

156. In fact, approximately a week after making his final complaint, on April 4, 2013, defendants wrongfully terminated plaintiff Jeffrey Schuyler in direct response to his report of wage hour violations.

157. Defendants willfully, intentionally, and unlawfully retaliated against plaintiff based on his lawful complaints of wage-hour violations.

158. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

159. Defendant Ralph Crawford is subject to individual liability pursuant to New York Labor Law § 215 for the retaliatory conduct.

160. Defendants have terminated plaintiff and otherwise discriminated against him as a result of his protected conduct.

161. Defendants have willfully violated the anti-retaliation provisions of the New York Labor Law § 215.

162. As a result of defendants' willful violations of New York Labor Law § 215, plaintiff Jeffrey Schuyler is entitled to recover from defendants for front-pay, back-pay, liquidated damages in the amount of $10,000.00, punitive damages, reasonable attorneys' fees as well as costs and disbursements of prosecuting the case, plus pre-judgment and post-judgment interest.

WHEREFORE, plaintiff respectfully requests an Order and Judgment:

## FIRST CAUSE OF ACTION

A.  Designating this action as a collective action on behalf of the FLSA Class and issuing prompt notice to all persons who work or have worked as a non-exempt employee for a McDonald's restaurant located in the State of New York and owned by Crawford Restaurant Group, LLC; Ralph Crawford; and/or Ralph Crawford Enterprises, in the past three years. This notice should inform the FLSA class that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.  Designating Plaintiff Jeffrey Schuyler as the Representative of the FLSA Class;

C.  Appointing Hacker Murphy, LLP as Lead Counsel for the FLSA Class;

D.  Declaring that defendants have violated the wage deduction provisions of the FLSA;

E.  Declaring that defendants have violated the overtime provisions of the FLSA;

F.  Declaring that defendants have violated the federal minimum wage provisions of the FLSA;

G.  Awarding plaintiff and the FLSA Class damages for the difference between the full hourly wage as mandated by the FLSA, and the hourly wages actually paid to the plaintiff and the FLSA Class for the hours they worked;

H.  Awarding plaintiff and the FLSA Class damages for unpaid overtime wages;

I.  Awarding plaintiff and the FLSA Class damages for all unauthorized deductions under the FLSA;

J.  Awarding plaintiff and the FLSA Class liquidated damages under the FLSA;

K.  Awarding plaintiff and the FLSA Class punitive damages under the FLSA;

L.  Awarding plaintiff and the FLSA Class their attorneys' fees, expert fees, costs, and disbursements pursuant to 29 U.S.C. § 216.

M. Awarding pre-judgment and post judgment interest, as provided by law;

N. Enjoining defendants from harassing, intimidating, threatening and terminating members of the FLSA Class because they have exercised their rights under the FLSA; and

O. Awarding all other relief as this Court shall deem just and proper.

## SECOND CAUSE OF ACTION

A. Certifying this action as a class action under Rule 23;

B. Appointing plaintiff Jeffrey Schuyler as the class representative of the New York Class;

C. Appointing Hacker Murphy, LLP as Lead Counsel for the New York Class;

D. Declaring that defendants have violated the wage deduction provisions of the New York Labor Law;

E. Declaring that defendants have violated the overtime provisions of the New York Labor Law;

F. Declaring that defendants have violated the minimum wage provisions of the New York Labor Law;

G. Awarding plaintiff and the New York Class damages for the difference between the full hourly wage as mandated by law, and the hourly wages actually paid to the plaintiff and the New York Class for the hours they worked;

H. Awarding plaintiff and the New York Class damages for unpaid overtime wages;

I. Awarding plaintiff and the New York Class damages for all unauthorized deductions under the New York Labor Law;

J. Awarding plaintiff and the New York Class liquidated damages under the New York Labor Law;

K. Awarding plaintiff and the New York Class punitive damages under the New York Labor Law;

L.      Awarding plaintiff and each member of the New York Class statutory penalties of $2500.00 for defendants' failure to provide legally compliant written statements pursuant to New York Labor Law 195.1;

M.      Awarding plaintiff and each member of the New York Class statutory penalties of $2500.00 for defendants' failure to provide legally compliant payroll statements pursuant to New York Labor Law 195.3;

N.      Awarding plaintiff and the New York Class their attorneys' fees, expert fees, costs, and disbursements pursuant to the New York Labor Law.

O.      Awarding pre-judgment and post judgment interest, as provided by law;

P.      Enjoining defendants from harassing, intimidating, threatening and terminating members of the New York Class because they have exercised their rights under the New York Labor Law; and

Q.      Awarding all other relief as this Court shall deem just and proper.

## THIRD CAUSE OF ACTION

A.      Awarding plaintiff Jeffrey Schuyler front-pay and back-pay;

B.      Awarding plaintiff Jeffrey Schuyler general damages, punitive damages and damages for mental anguish and emotional distress;

C.      Awarding plaintiff his attorneys' fees, expert fees, costs, and disbursements pursuant to the FLSA.

D.      Awarding pre-judgment and post judgment interest, as provided by law;

E.      Awarding plaintiff liquidated and statutory damages under the FLSA;

F.      Awarding all other relief as this Court shall deem just and proper.

## FOURTH CAUSE OF ACTION

A.      Awarding plaintiff Jeffrey Schuyler front-pay and back-pay;

B.      Awarding plaintiff Jeffrey Schuyler general and punitive damages;

C.      Awarding plaintiff his attorneys' fees, expert fees, costs, and disbursements pursuant to the New York Labor Law;

D.      Awarding pre-judgment and post judgment interest, as provided by law;

E.      Awarding plaintiff liquidated damages under the New York Labor Law;

F.      Awarding plaintiff statutory damages of $10,000.00 under the New York
        Labor Law;

G.      Awarding all other relief as this Court shall deem just and proper.


## DEMAND FOR TRIAL BY JURY


Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial

by jury in this action.


Dated:  April 23, 2013                   HACKER MURPHY, LLP

                                         _____
                                              James E. Hacker, Esq.
                                         NDNY Bar Roll Number: 101888
                                         jhacker@hackermurphy.com
                                               Ryan M. Finn, Esq.
                                         NDNY Bar Roll Number:  513670
                                         rfinn@hackermurphy.com
                                         7 Airport Park Blvd.
                                         Latham, NY 12110
                                         518.213.0115

# EXHIBIT A

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against CRAWFORD RESTAURANT GROUP, LLC,

RALPH CRAWFORD d/b/a RALPH CRAWFORD ENTERPRISES, and MCDONALD'S CORPORATION

and/or related entities and individuals in order to seek redress for violations of Fair Labor Stand.

pursuant to 29U.S.C. §216 (b) I hereby designate Hacker Murphy, LLP to  represent me in such a

Dated:  April 23, 2013

Jeffrey Schuyler