**EXHIBIT 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFREY SCHUYLER, individually and<br>on behalf of all others similarly situated, | )<br>)<br>) | |
| Plaintiff, | )<br>) | NO. 5:13-cv-00521-NAM-ATB |
| vs. | )<br>)<br>) | |
| CRAWFORD RESTAURANT GROUP, LLC,<br>RALPH CRAWFORD d/b/a RALPH<br>CRAWFORD ENTERPRISES, and<br>MCDONALD'S CORPORATION, | )<br>)<br>)<br>)<br>) | **JOINT STIPULATION OF<br>CLASS SETTLEMENT AND<br>RELEASE** |
| Defendants. | )<br>) | |

Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of Class Settlement and Release (the "Stipulation") reflecting the terms of the parties' class-wide settlement (the "Settlement") is made and entered into by and among the named and opt-in Plaintiff Jeffrey Schuyler ("Plaintiff"), individually and on behalf of the putative class, and Defendants Crawford Restaurant Group, LLC, Ralph Crawford d/b/a Ralph Crawford Enterprises (the "Crawford Defendants") and McDonald's USA, LLC (incorrectly identified as McDonald's Corporation in Plaintiff's First Amended Complaint) ("McDonald's") (collectively referred to herein as "Defendants"). Plaintiff and Defendants are jointly referred to in this Stipulation as the "Parties" or "Settling Parties," and each of them as a "Party."

## 1.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiff (for himself and the Participating Class Members, as defined below) and Defendants, with the assistance of their respective counsel, that, as among the Settling Parties, including all Class Members, the Action, the Plaintiff's Released Claims, the Participating Class Members' Released Claims, the Claimants' Released Claims, and Class Counsel's Released Fees/Costs Claims (all of which are defined below) shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation and the Judgment (defined below).

2.      **DEFINITIONS**

In addition to terms defined elsewhere in the Stipulation, as used in this Stipulation the following terms have the meanings indicated below:

a.      "Action" means the civil action titled: "*Jeffrey Schuyler, et al. v. Crawford Restaurant Group, LLC, Ralph Crawford d/b/a Ralph Crawford Enterprises and McDonald's Corporation,*" now pending in the United States District Court for the Northern District of New York (Civil Action No. 5:13-cv-00521-NAM-ATB).

b.      The "Joint Stipulation of Class Settlement and Release" shall herein be referred to as "the Settlement," and, in accordance with the provisions below, serve as a full and final release of all individual and class and collective action claims in the Action.

c.      "CAFA Notice" means a notice of proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, substantially in the form attached to this Stipulation as Exhibit C.

d.      "Claimant" means a Class Member who has submitted a timely and valid Claim Form pursuant to this Stipulation and who has not submitted an Election Not to Participate in Settlement Form.

e.      "Claim Form" means the form by which Class Members may claim their Settlement Shares and consent to join this action, substantially in the form attached to this Stipulation as Form A to Exhibit B.

f.      "Claims Administrator" or "Settlement Administrator" means the third-party claims administration firm selected by the Parties and approved by the Court.

g.      "Class Counsel" means Hacker Murphy, LLP.

h.      "Class Member" is an individual who worked for any of the Crawford Defendants for at least one day in the State of New York at any point during the Class Period.

i.      "Class Notice" means the Notice of (1) Proposed Class Settlement; and (2) Final Settlement Approval Hearing to be sent to Class Members after the Court grants preliminary approval of the Settlement, substantially in the form attached to this Stipulation as Exhibit B.

j.      "Class Period" means the period of time beginning on May 6, 2007 and ending on the Preliminary Approval Date.

k.      "Compensable Work Week" means a seven-day work week, as defined by the Crawford Defendants' payroll system, during which a Claimant was actively employed (i.e., not on a leave of absence) by the Crawford Defendants in the State of New York.  If a Claimant was employed for only part of a Compensable Work Week as best as can be determined by the Crawford Defendants, he or she will be credited for purposes of the Settlement with a Compensable Work Week.

l.      "Counsel for the Crawford Defendants" means Steve A. Miller, Joel W. Rice and Jason D Keck of Fisher & Phillips, LLP

m.      "Counsel for McDonald's" means Michael J. Puma and Cailin Heilig of Morgan, Lewis & Bockius, LLP.

n.      "Counsel for Defendants" means Counsel for the Crawford Defendants and Counsel for McDonald's.

o.      "Court" means the United States District Court for the Northern District of New York.

p.      "Election Not to Participate in Settlement Form" means the form by which a Class Member may elect to exclude himself or herself from the Settlement as evidenced by Form B to Exhibit B of this Stipulation.

q.      "Final" means the last of the following dates, as applicable:

i)    If no Class Member files a timely and valid objection to this Settlement as set forth below, then the date the Court enters a judgment dismissing the Action and Final Approval Order of the Settlement;

ii)    If a Class Member files a timely and valid objection to the Settlement, then after the applicable date for seeking appellate review of the District Court's final approval of the Settlement has passed, assuming no appeal or request for review is filed within thirty (30) days of the Final Approval Order as defined below; and

iii)    If an appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the Settlement.

**r.**    "Final Approval Order" means the Court's order granting final approval of the Settlement, which will constitute a "judgment" within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure, substantially in the form attached to this Stipulation as Exhibit D.

**s.**    The "Net QSF" means the amount of the Settlement Payment (defined below) remaining after deducting approved attorneys' fees and costs, any and all costs associated with administering the Settlement, including costs of the Notice Materials and Claims Administrator, and the Crawford Defendants' portion of payroll taxes owed on any payments to be made to Plaintiff and Claimants.

**t.**    "Notice Materials" means the Class Notice, the Claim Form, and the Election Not to Participate in Settlement Form.

**u.**    "Participating Class Member" means a Class Member who has not completed and timely submitted an Election Not to Participate in Settlement Form.

**v.**    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**w.**     "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, substantially in the form attached to this Stipulation as Exhibit A.

**x.**     "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator with the Settlement Payment.

**y.**     "Settlement Payment" means the payment by the Crawford Defendants of ███ ███████████████████████████ (█$█████████ to fund the QSF pursuant to this Settlement.  The Settlement Payment will be the sole source and maximum payment by the Crawford Defendants under this Settlement, including for (1) all approved attorneys' fees and costs in connection with Plaintiff's counsel's (including Hacker Murphy, LLP) and any other individuals' representation of Plaintiff and other members of the putative class in the Action (collectively, "Plaintiffs' Counsel"), including all attorneys' fees and costs that may arise in the future in connection with this settlement, including, without limitation, seeking Court approval of the settlement and the notice and claims process; (2) all fees and costs of the settlement administration activities to be performed by the Claims Administrator; (3) all payments of Settlement Shares (defined below) to Plaintiff and Claimants; (4) the Crawford Defendants' share of all payroll/employment taxes associated with payments from the QSF.  Notwithstanding the provisions of Paragraph 16(a) below, under no circumstances shall Defendants or the Releasees (defined below) pay or be required to pay any amount in connection with this Settlement above and beyond the Settlement Payment.

**z.**      "Settlement Share" means each Class Member's potential share of the Net QSF (defined above), as calculated pursuant to this Settlement.

**aa.**     "Settling Parties" or "Parties" means Defendants, the Releasees, and the Plaintiff on behalf of himself and all Participating Class Members.

**bb.**     "Days" or "days" refer to calendar days below unless specifically indicated as business days.

-5-

3.    **RECITALS**

a.    On May 6, 2013, Plaintiff Jeffrey Schuyler filed a Complaint on behalf of himself and all other individuals allegedly similarly situated to him with respect to the claims asserted.

b.    In the Action, Plaintiff Jeffrey Schuyler alleged that Defendants did not properly pay overtime wages to which they were entitled, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and/or the New York Labor Law and its implementing regulations ("NYLL").  Plaintiff also alleges on behalf of himself and a purported class of similarly situated individuals certain violations of the NYLL, including the Crawford Defendants' purported failure to provide a required wage notice or to provide employees with the requisite uniform maintenance reimbursement.  Plaintiff further alleged that McDonald's acted as Plaintiff's "joint-employer" with the Crawford Defendants.  Plaintiff also alleged individual claims of retaliation under the FLSA and NYLL ("Individual Claims").  Plaintiff filed his First Amended Complaint on June 25, 2013 ("Amended Complaint").

c.    On July 26, 2013, both the Crawford Defendants and McDonald's answered Plaintiff's Amended Complaint.  The Crawford Defendants denied the material allegations and maintained that the Court should not certify the proposed class and collective action, asserted that Plaintiff Jeffrey Schuyler and the proposed Class were properly paid all wages due under the FLSA and NYLL, received all payments due and owed under the NYLL, received all information legally required by the NYLL, and maintained that the Crawford Defendants bore no liability to Plaintiff Jeffrey Schuyler or the proposed Class, among other defenses.  McDonald's denied the material allegations of Plaintiff's Amended Complaint and maintained that McDonald's was not an employer within the meaning of the FLSA or NYLL of Plaintiff or any of the individuals Plaintiff sought to represent, among other defenses.

d.     In the course of litigating the Action, the Parties engaged in substantial formal and informal discovery, deposed Plaintiff Jeffrey Schuyler, and exchanged data and information regarding the Class Members' employment history, compensation, and documents reflecting hours worked by certain of the Class Members.

e.     The Parties devoted significant resources in attempting to resolve this case, including attendance at two mediations.  During the course of litigation, the Crawford Defendants provided Plaintiffs' Counsel with information and evidence of the Crawford Defendants' wherewithal to pay any judgment in favor of a class. Such information played a material role in the Parties reaching a Settlement.

f.     Based on the extensive discovery engaged in by the Parties, informal exchange of information, the Crawford Defendants wherewithal to pay any class judgment, and McDonald's substantial legal and factual arguments against a finding of joint-employment, Plaintiffs' Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants as to both class and collective action certification and the merits of the claims, and potential appellate issues.

g.     It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in or related in any way to the Action as more fully set forth below.  In order to achieve a full and complete release of the released persons, the Participating Class Members, including Plaintiff, acknowledge that this Settlement is intended to include and resolve all the claims that were pled or could have been pled based upon the factual allegations of the Amended Complaint, and as more fully set forth below.

h.     This Settlement represents a compromise of highly disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendants that the claims in the Action have merit or that they have any liability to Plaintiff or any Class Member on those claims or any other claim.

4.      **DUTIES OF THE PARTIES TO SEEK PROMPT COURT APPROVAL**

a.      No later than May 2, 2014, Plaintiff and the Crawford Defendants will move the Court for entry of the Preliminary Approval Order, including the following terms:

     i)      For settlement purposes only and without reaching any determination as to the manageability at trial of the proposed class action under Rule 23(b)(3), Federal Rules of Civil Procedure, certifying the Class as an opt-out class under Rule 23(b)(3) for the Class Members' claims against the Crawford Defendants.

     ii)      Preliminarily approving the Settlement.

     iii)      Directing the Crawford Defendants to send the CAFA notice within 10 days of the Court entering the Preliminary Approval Order, if the Crawford Defendants have not already done so.

     iv)      Preliminarily approving Plaintiffs' Counsel's request for attorneys' fees.

     v)      Scheduling a final approval hearing on the questions of (1) whether the Settlement should be finally approved as fair, reasonable, and adequate as to the Participating Class Members; and (2) whether the Court should award the requested fees and costs to Plaintiffs' Counsel.

     vi)      Approving as to form and content the Notice Materials and setting deadlines for submission of completed Claim Forms and Election Not to Participate in Settlement Forms and service and filing of objections to the Settlement.

     vii)      Appointing a Settlement Administrator, as will be agreed upon and proposed by the Parties, to exercise the duties set forth in this Settlement.

     viii)      Directing the Settlement Administrator to mail the Notice Materials by first-class mail to the Class Members by the deadline set forth below, and all other services as more fully set forth below.

b.      Any disagreement among the Parties concerning the final forms of the Notice Materials, the CAFA Notice, or other documents necessary to implement the Settlement, as well as all other disputes regarding the Settlement and its implementation, will be referred to the Court for resolution if the Parties' good faith efforts to resolve the disagreement have failed.

5.      **CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT ONLY**

a.      For purposes of the Settlement only, the Parties stipulate that the Court may certify the Class as an opt-out class under Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class Stipulation") for the Class Members' claims against the Crawford Defendants.  More specifically, the Parties agree as part of the Class Stipulation that, for settlement purposes only, the requirements of Federal Rule 23(b)(3) are satisfied, with the exception of the manageability requirement of Federal Rule 23(b)(3) that the Court need not address for purposes of settlement.

b.      The Class Stipulation is made solely for purposes of the Settlement.  The Class Stipulation is in no way an admission that class certification is proper under the more stringent litigation certification standard that requires a showing of, *inter alia*, manageability, or that certification requirements would be established by further discovery, and neither the existence nor terms of this Settlement nor the Class Stipulation will be admissible in this or any other action or proceeding as evidence that (i) the proposed Class or any other class or collective action should be certified or not decertified; (ii) this Action or any other action should be certified as a class or collective action or not decertified; or (iii) Defendants are liable to Plaintiff, the proposed Class, or any other employees of Defendants or the Releasees.

c.      If, for any reason, the Court grants final approval of the Settlement with material modification, or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, then all terms of this Settlement (other than the confidentiality requirements set forth below) and the Class Stipulation will automatically become null and void.  The terms and facts of this Settlement

-9-

(and of any act performed or document executed pursuant to or in furtherance of the Settlement, including all motion papers and supporting documents relating to preliminary approval and final approval), the fact that the Parties had made the Class Stipulation, or that the Court granted certification of the Class, or otherwise accepted the Stipulation, will be inadmissible evidence in any subsequent proceeding in the Action or elsewhere.

6.    **APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR**

a.    Subject to the approval of the Court, the Parties have agreed to the appointment of a Settlement Administrator to perform the following duties in connection with administration of the Settlement: (i) using the data and information provided by the Crawford Defendants to prepare the Claim Forms with the number of Compensable Work Weeks worked by each Class Member; (ii) mailing the Notice Materials to Class Members at the last known addresses provided by the Crawford Defendants; (iii) tracking non-delivered Notice Materials and taking reasonable steps to re-send them to Class Members' current addresses; (iv) tracking and timely reporting to Plaintiffs' Counsel and Counsel for Defendants returned Claim Forms and Elections Not to Participate in Settlement Forms; (v) calculating the amounts due to each Claimant pursuant to the Settlement; (vi) resolving disputes (if any) by Class Members regarding the number of Compensable Work Weeks or other matters, and notifying Plaintiffs' Counsel and Counsel for Defendants of such disputes and their resolution; (vii) establishing the QSF; (viii) disbursing all amounts payable from the QSF and handling all tax reporting; (ix) disbursing Plaintiffs' Counsel's approved Attorneys' Fees and Costs Payment; (x) notifying Plaintiffs' Counsel and Counsel for Defendants of any Claimants who have not cashed their Settlement Share checks by the deadline set forth below; (xi) monitoring the responses to the Class Notice and maintaining a toll-free number for Class Members; and (xii) reverting any funds not claimed by Claimants by the deadline set forth below to the Crawford Defendants.

b.    The Crawford Defendants will provide the Settlement Administrator with data necessary to perform the Settlement Administrator's duties.  All disputes relating

to the Settlement Administrator's performance of its duties, after good faith efforts by the Parties to first resolve such disputes, will be referred to the Court, if necessary, which will have continuing jurisdiction over this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

**7.    CAFA NOTICE**

Pursuant to CAFA, within ten (10) days after Plaintiff and the Crawford Defendants file the joint motion for preliminary approval of the Settlement, the Crawford Defendants will mail the CAFA Notice to the Attorney General of the United States, the Attorney General of the State of New York, and the Attorney General of each other state where Class Members reside according to the Crawford Defendants' records.  The Parties intend and believe that the CAFA Notice pursuant to the procedures described in this section complies with the requirements of CAFA; will seek approval of these procedures for CAFA Notice in the joint motion for preliminary approval of the Settlement; and will request the Court to adjudicate the validity of the CAFA Notice in the motion for final approval of the Settlement and bar any Class Member's claim to void or avoid the Settlement under CAFA.

**8.    NOTICE TO THE CLASS OF THE SETTLEMENT AND THE CLAIM PROCESS**

    **a.**    Mailing the Notice Materials to the Class

        i)    Within twenty-one (21) days after the Court enters its Preliminary Approval Order, the Crawford Defendants will provide to the Settlement Administrator a list of each Class Member's employee identification number or last four digits of his/her social security number, name, last known address, dates of employment with the Crawford Defendants, and the number of his or her Compensable Work Weeks.  The Crawford Defendants also will provide Class Counsel with a list of each Class Member's employee identification number or last four digits of his/her social security number, dates of employment as a Crawford Defendants' employee, and the number of his or her Compensable Work Weeks.  The data provided to the Settlement Administrator and Class Counsel will remain confidential and will not be used or disclosed to anyone, except as

-11-

required to applicable tax authorities, pursuant to the Crawford Defendants' express written consent, or by order of the Court.

ii)     Within twenty-one (21) days after the Crawford Defendants provide to the Settlement Administrator the data set forth above, the Settlement Administrator will mail, by first-class mail, the Notice Materials, including a return envelope, to all Class Members at their last known address, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

iii)    The Claim Form mailed to the Class Members will show for the recipient Class Member the number of Compensable Work Weeks.

iv)     Class Members will have the opportunity to challenge the information pre-printed on their individualized Claim Forms by submitting a written challenge along with their signed Claim Form and supporting documentation to the Settlement Administrator within the time period provided for submitting the Claim Form.  Any challenges to the information pre-printed on the Claim Form should be supported by documentary or other evidence; the Settlement Administrator may reject any challenge not supported by such evidence.

v)      Timely challenges submitted with documentary or other evidence will be resolved without hearing by the Settlement Administrator after consultation with Plaintiffs' Counsel and Counsel for Defendants. The Crawford Defendants' determination from its records as to Compensable Work Weeks will be presumed correct, but the Settlement Administrator will evaluate the evidence submitted by the Class Member and will make a final determination based on its evaluation of all the evidence presented.

vi)     Each Class Member will have sixty (60) days after the date on which the Settlement Administrator mails the Notice Materials to complete and

submit to the Settlement Administrator a completed and executed Claim Form.  A completed Claim Form will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) it is delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by e-mail, mail, facsimile transmission, professional delivery, or personal delivery.

vii)    In the event that a Claim Form is submitted timely but is deficient in one or more respects, the Settlement Administrator will return the Claim Form to the Class Member within three (3) business days of receipt with a notice explaining the deficiencies and stating that the Class Member will have ten (10) business days from the date of the deficiency notice to correct the deficiency and resubmit the Claim Form.  The envelope containing any resubmitted Claim Form must be postmarked, or delivered by e-mail or fax, within ten (10) business days of the date of the deficiency notice to be considered timely.  If necessary, the Class Member will be sent a second deficiency notice to correct any deficiency concerning a resubmitted Claim Form, which will be governed by the same timeliness requirements as the first deficiency notice.

**b.**    Election Not to Participate in Settlement

i)      Each Class Member will have sixty (60) days after the date on which the Settlement Administrator mails the Notice Materials to complete, execute and submit to the Settlement Administrator the Election Not to Participate in Settlement Form if they wish to be excluded from the Settlement.  A completed and executed Election Not to Participate in Settlement Form will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) it is

delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by e-mail, mail, facsimile transmission, professional delivery, or personal delivery.

ii)    A Class Member who does not properly complete, execute, and timely submit an Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the release of all Released State/Local Law Claims, if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement or timely submitted a completed, executed Claim Form.

iii)    A Class Member who properly completes, executes, and timely submits an Election Not to Participate in Settlement Form will not be bound by the Settlement, and will not have standing to object to the Settlement, and Defendants will remain free to contest any claim brought by the Class Member that would have been barred by the Settlement, and nothing in this Settlement will constitute or be construed as a waiver of any defense Defendants have or could assert against such a claim.

iv)    If a Class Member properly completes, executes, and timely submits both an Election Not to Participate in Settlement Form and a Claim Form, the Settlement Administrator shall, within three (3) business days after receipt of the second of the two documents, mail a letter (the terms of which will be agreed upon by Defendants' Counsel and Class Counsel) to such Class Member seeking clarification as to whether the Class Member intends to participate in the Settlement.  Absent a response from such Class Member postmarked within ten (10) business days after the date of the mailing of the follow-up letter, the Class Member shall be deemed to be a Claimant and not to have opted out of the Settlement.

**c.**    Objection to Settlement

i)      Each Class Member who does not timely submit an Election Not to Participate in Settlement Form will have sixty (60) days after the date on which the Settlement Administrator mails the Notice Materials to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendants, and filing with the Court, such that it is received by the sixty (60) day deadline, a written objection to the Settlement.

ii)     A Class Member who does not file and serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objections to the Settlement (whether by appeal or otherwise).

**d.**    Untimely Submissions

i)      No Claim Form or Election Not to Participate in Settlement Form will be honored if submitted late under the deadlines set forth above, unless the Class Member shows good cause as determined solely by the Settlement Administrator and Defendants.

**e.**    Reports and Declaration by Settlement Administrator

i)      By not later than five (5) days after expiration of the 60-day deadline for submission of the Elections Not to Participate in Settlement, the Settlement Administrator will submit to Class Counsel and Counsel for Defendants a report setting forth the Class Members (identified by employee identification numbers) who as of that date have submitted (i) valid Elections Not to Participate in Settlement, and (ii) invalid Elections Not to Participate in Settlement (the "Opt-Out Report"). In the event that the Settlement Administrator accepts any Election Not to Participate in Settlement after the expiration of the 60-day deadline, it will promptly update and distribute an updated Opt-Out Report.

ii)    By not later than five (5) days after expiration of the 60-day deadline for submission of Claim Forms, the Settlement Administrator will submit to Class Counsel and Counsel for Defendants a report setting forth the Class Members (identified by employee identification numbers) who as of that date have submitted (i) valid Claim Forms and (ii) invalid Claim Forms.

iii)    By not later than five (5) days after the expiration of the 60-day deadline for submission of Claim Forms, the Settlement Administrator will prepare and submit for filing in support of the Parties' motion for final approval a declaration attesting to its mailing of the Notice Materials and (indicated by number of Class Members only) its receipt of valid Claim Forms and valid Elections Not to Participate in Settlement and its inability to deliver the Notice Materials to Class Members due to invalid addresses.  Prior to the hearing on the motion for final approval of the Settlement, the Settlement Administrator will prepare and submit for filing in support of the motion a supplemental declaration as applicable.

**9.     RIGHT TO RESCIND**

Any of the Defendants shall have the absolute discretionary right to terminate this Settlement through written notice to Plaintiffs' Counsel and the Court within forty-five (45) days of its receipt of notice that Plaintiff purports to decline to participate in the settlement or that more than five (5) Class Members have opted out of the Settlement by timely submitting a valid Election Not to Participate in Settlement Form, in which case the Settlement and all actions taken in its furtherance will be null and void but shall remain confidential and may not be used in this or any action to seek certification, to establish liability or damages, or for any other purpose.

**10.    FINAL APPROVAL OF THE SETTLEMENT**

Plaintiff and the Crawford Defendants will jointly file a motion with the Court for final approval of the Settlement by the deadline set by the Court, which unless ordered by the Court will be at least ten (10) calendar days prior to the final approval hearing scheduled by the Court. Plaintiff and the Crawford Defendants will submit for entry by the Court, with their motion for final approval, the proposed Final Approval Order in the form attached hereto as Exhibit D.  Any

modifications to the proposed Final Approval Order may be made only by mutual agreement of the Parties.

## 11.    WAIVER OF RIGHT TO APPEAL

Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement in all material respects, Plaintiff, Class Members who did not timely submit an objection to the Settlement, Plaintiffs' Counsel, and Defendants all hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new trial, and any extraordinary writ, and the Final Approval Order therefore will become final and non-appealable at the time it is entered.  The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

## 12.    REVERSAL OR MATERIAL MODIFICATION OF JUDGMENT ON APPEAL

If, after a notice of appeal or a petition for writ of *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Final Approval Order such that there is a material modification to the Settlement as defined above, and that court's decision is not completely reversed and the Final Approval Order is not fully affirmed on review by a higher court, then the Plaintiff and Defendants will each have the right to void the Settlement, which the Party must do by giving written notice to the other Parties, the reviewing court, and the Court not later than fourteen (14) days after the reviewing court's decision vacating, reversing, or materially modifying the Final Approval Order becomes final. Notwithstanding a reviewing court's vacation, reversal, or modification of the Final Approval Order, the Crawford Defendants' obligation to make payments under this Settlement remains limited by the Settlement Payment.

## 13.    CREATION OF THE QUALIFIED SETTLEMENT FUND

a.     Within thirty days after the Preliminary Approval Order, the Crawford Defendants shall tender to the Claims Administrator Twenty Thousand Dollars and No Cents (████ 00), which shall be deposited into an interest-bearing escrow account to be opened, administered and controlled by the Claims Administrator ("Initial Payment"). The account shall be opened and administered by the Claims Administrator as a "Qualified Settlement Fund" under Section

468B of the IRC and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et. seq.  The Crawford Defendants thereafter shall deposit at least ████████████ ████████ ($ ████████ into the QSF on the 15th day of each month after their Initial Payment until the balance of the QSF reaches ████████████████ ████████ ($ ████████) ("Fully Funded").  If the 15th day of any month following the Crawford Defendants' Initial Payment falls on a Saturday, Sunday, or court-observed holiday, the Crawford Defendants shall tender payment to the Claims Administrator no later than the next business day.

b.   While held in the QSF, the funds in the QSF will accrue interest at the then-current T-bill rate.

c.   If the Settlement is not granted final approval by the Court, or if the Final Approval Order does not become Final, then all proceeds of the QSF (other than those used to pay the Settlement Administrator's reasonable fees and expenses in administering the Settlement to that point), including all accrued interest, will be immediately returned to the Crawford Defendants.

## 14.   DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND

a.   Plaintiff and each Claimant shall receive a payment from the Net QSF to be determined based on a Class Member's number of Compensable Work Weeks.

b.   This is a "claims made" settlement and, therefore, all amounts of the Net QSF not timely and validly claimed by Class Members shall revert to the Crawford Defendants provided that the Final Approval Order becomes Final.

c.   The Parties' joint motion for final approval shall seek approval of a payment to Plaintiffs' Counsel of ████████████████ ████████ ($ ████████) as the proposed "Plaintiffs' Counsel's Attorneys' Fees and Costs Payment," of which ████████████████ ████████████████████ ($ ████████) is the proposed Attorneys' Fees and ████████████████ ████████ ($ ████████) are the costs and disbursements incurred in the Action.

-18-

The Settlement Administrator will issue a Form 1099 to Class Counsel in the amount of $███████.  Class Counsel is responsible for all federal, state, and local tax liabilities that may result from such Payment and the Releasees (defined below) shall bear no responsibility for such liabilities.  Any unapproved amount of the Plaintiffs' Counsel's Attorneys' Fees and Costs Payment will be included in the Net QSF allocated to Class Members available to be claimed on a claims-made basis as described above.

**d.**    Each Claimant's Settlement Share will be calculated as follows:

1.    The "Net QSF" will equal the proceeds of the QSF at the time of distribution less (i) the approved Plaintiffs' Counsel's Attorneys' Fees and Costs Payment, (ii) the Crawford Defendants' share of payroll taxes applicable to the Settlement Shares; and (iii) the Settlement Administrator's reasonable fees and expenses, including the costs of mailing all notices, reminders and checks pursuant to this Settlement.

2.    A Claimant's Settlement Share will be the product of the Net QSF times the Claimant's number of Compensable Work Weeks divided by the total number of Compensable Work Weeks attributable to all Class Members based upon a determination from the information provided by the Crawford Defendants.  Claimants will be paid, in accordance with the schedule and requirements below, his or her Settlement Share.

3.    Because the Settlement Shares include sums in settlement of claims for wages, interest, liquidated damages, and penalties, fifty percent (50%) of each Settlement Share is intended to constitute a settlement of a claim for unpaid wages, for which the Settlement Administrator will issue a Form W-2 to the Claimant, payroll tax withholding and deductions will be taken, and the employer's share of payroll taxes on that portion will be paid by the Crawford

Defendants out of the QSF; and the remaining fifty percent (50%) of each Settlement Share is intended to constitute a settlement of claims for interest, liquidated damages, and penalties, for which no payroll tax withholding and deductions will be taken and the Settlement Administrator will issue a Form 1099 to the Claimant. The Claimants are responsible for all federal, state, and local tax liabilities that may result from such Settlement Share payments subject to reporting on a Form 1099, and the Releasees (defined below) shall bear no responsibility for such liabilities.

4.      The Claims Administrator will report all payments to government authorities including the IRS as required by law, and shall make all legally required deductions, withholdings and/or employment tax payments out of the QSF.

5.      Defendants make no representations with respect to the taxability of any payments pursuant to this Settlement, the Notice to the Class will advise Class Members to seek their own tax advice as necessary, and the Parties agree that each Class Member will have sufficient opportunity to seek such advice after receiving the Notice.

e.      The Claims Administrator shall not disburse any Settlement Share to any Claimant until the QSF is Fully Funded and the Court enters Final Approval of the Settlement and the Final Approval Order becomes Final.  Then, and only then, shall the Claims Administrator disburse each Claimant's individual Settlement Share.

f.      The Claims Administrator will return to the Crawford Defendants the amount of the QSF (with interest) that was allocated to Class Members who did not become Claimants or who did not cash the checks for their Settlement Shares within 90 days after they were sent.

-20-

g.      It is the intention of the Parties and by this Settlement that unless the Claimants cash their Settlement Share checks within the 90-day period provided for doing so, they do not hold any property right to or interest in the funds represented by the checks and, therefore, the funds represented by those checks will not escheat to any applicable jurisdiction.

## 15.    NO EFFECT ON OTHER BENEFITS

The Settlement Shares and payments to Plaintiff or any Class Member will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by the Defendants (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Settlement will be compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs, and the Participating Class Members will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown by them, as part of their releases of claims under this Settlement.

## 16.    RELEASE OF CLAIMS BY THE PLAINTIFF, PARTICIPATING CLASS MEMBERS, CLAIMANTS, AND PLAINTIFFS′ COUNSEL

a.      **Plaintiff's Released Claims**:  For good and valuable consideration, Plaintiff, on behalf of himself and his heirs and assigns, hereby provides a general release of all rights and claims against Defendants and their past, present and future parents, subsidiaries (whether or not wholly-owned), franchisees, joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries, franchises, and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives ("Releasees"), including, but not limited to, a release of all claims that were or could have been asserted in the Action and any and all other legally waivable claims of any kind, including all those arising out of or relating to his employment with and compensation by the Crawford Defendants, including discrimination claims, all FLSA claims, all state and local law wage/hour and wage payment claims, and all

-21-

claims for overtime, minimum wage, wage deductions, spread of hours, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, liquidated damages, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (the "Plaintiff's Released Claims"). By separate agreement of the Parties, which is incorporated by reference herein, Plaintiff also agrees to settle and release his Individual Claims as defined above ("Individual Release"). Plaintiff's Individual Release shall be tendered to the Court for an *in camera* review and approval contemporaneously with the submission of the un-redacted Stipulation of Class Settlement and Release.

b.   **Claimants' Released Claims**.  In consideration of the payment to him or her of a Settlement Share, each and every Claimant hereby provides a general release of all federal, state and local wage/hour and wage/payment claims against Releasees, including all FLSA claims, all state and local law wage/hour and wage payment claims, all other claims that were or could have been asserted in the Action, and all other claims for overtime, minimum wage, wage deductions, spread of hours, uniform maintenance, claims under the NYLL and Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, liquidated damages, or other penalties, whether known or unknown, arising on or before the date such Claimant signs his or her Claim Form (the "Claimants' Released Claims").

c.   **Participating Class Members' Released Claims.**  All Class Members who do not timely execute and return a valid Election Not to Participate in Settlement, regardless of whether they submit a Claim Form, will be deemed to have released all state and local law wage/hour and wage payment claims, including the state law claims that were or could have been asserted in the Action and all other such claims for overtime, minimum wage, wage deductions, spread of hours, uniform maintenance, claims under the NYLL and Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, liquidated damages, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (the "Participating Class Members' Released Claims").

-22-

d. **Release of All Claims to Attorneys' Fees and Costs.** Class Counsel, Plaintiff, the Claimants, and the Participating Class Members, on behalf of themselves and their respective agents, representatives, predecessors, successors and assigns by this Settlement release Releasees from any and all rights and claims for attorneys' fees and costs in connection with the Action or the Settlement ("Class Counsel's Released Fees/Costs Claims").

e. **Class Counsel's Representation.** Class Counsel represents that, other than Plaintiff, Class Counsel: (1) has no current clients with claims or prospective claims against any of the Releasees; (2) is unaware of any current or former employee or applicant for employment with any of the Releasees who plans to file any such claims against any Releasees; and (3) has not discussed the Settlement, the Stipulation, or the terms thereof, or any discussions or correspondence in connection therewith with any other current or former employee or applicant for employment with any of the Releasees.

## 17. CONFIDENTIALITY

Except to the extent necessary to communicate among the Parties or with the Court or Claims Administrator in order to obtain preliminary and final approval of the Settlement and to communicate with Class Members about the Settlement if any such individuals contact Class Counsel with questions following receipt of the Class Notice, the fact, amount and terms of the Settlement and Stipulation shall be kept strictly confidential by Plaintiff and Class Counsel. There shall be no press releases, public announcements or other communications (with members of the media or otherwise) regarding the Settlement or Stipulation, other than communications between Class Counsel and the Class Members described above in this paragraph, the Class Notice approved by the Court, or such other communications mutually determined by the Parties to be necessary to consummate the Settlement, except as agreed to in advance by Defendants, provided that Defendants may make such disclosures as necessary to their employees/representatives. For instance, Class Counsel agrees not to publish on any websites any reference to the Settlement or Stipulation. If Plaintiff or Class Counsel receive an inquiry from any member of the media or any other third-party regarding the Settlement or Stipulation, they may state only that the Action has been resolved amicably.

-23-

18.     **USE AND RETURN OF DOCUMENTS**

All originals, copies, and summaries of documents, presentations, and data provided to Class Counsel by Defendants in connection with this matter, including any and all e-mails and attachments, may be used only with respect to this Settlement, or any dispute between Class Members and Class Counsel regarding the Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.  At the time the Settlement becomes Final, the Parties will promptly comply with the provisions of the Confidentiality Agreement and Protective Order in this Action for the return of documents and data as ordered.

19.     **FULL COOPERATION**

The Parties will fully cooperate with each other and use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary or ordered by the Court, or otherwise, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Settlement without material modifications and to implement its terms.

20.     **NON-RETALIATION**

Defendants shall not engage in unlawful retaliation against any Class Member who elects to participate in the Settlement.

21.     **NO PRIOR ASSIGNMENTS**

The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement.

22.     **NOTICES**

Unless otherwise specifically provided by this Settlement, all notices, demands or other communications given under this Settlement will be in writing and be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return-receipt requested, or as of the first business day after it is deposited with an overnight delivery service, addressed as follows:

-24-

**To Plaintiff and the Class:**

HACKER MURPHY LLP
James Hacker
Ryan M. Finn
7 Airport Park Blvd.
Latham, NY 12110

**To the Crawford Defendants:**

FISHER & PHILLIPS LLP
Joel Rice
Jason D Keck
10 South Wacker Drive
Suite 3450
Chicago, Illinois 60606

**To McDonald's:**

MORGAN, LEWIS & BOCKIUS, LLP
Michael J. Puma
Cailin Heilig
1701 Market Street
Philadelphia, PA 19103-2921

**23.     CONSTRUCTION**

This Settlement is the result of lengthy, arms-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation and related documents.

**24.     CAPTIONS AND INTERPRETATIONS**

Paragraph titles, headings, or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.  Each term of this Stipulation is contractual and not merely a recital.

**25.     MODIFICATION**

This Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms as approved by the Court or by a writing signed by the

Parties.

26.   **APPLICABLE LAW**

All terms and conditions of this Stipulation and its exhibits will be governed by and interpreted according to the laws of the State of New York, without giving effect to any conflict of law or choice of law principles.

27.   **INTEGRATION CLAUSE**

With the exception of Plaintiff's Individual Release, as defined in Paragraph 16(a) above, which is hereby incorporated by reference herein, this Stipulation and its exhibits constitute the entire agreement between the Parties and their respective counsel relating to the Settlement and transactions contemplated by the Settlement.   All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged into this Stipulation.   No rights under this Stipulation may be waived except in writing.

28.   **BINDING ON ASSIGNS**

This Stipulation will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

29.   **COUNTERPARTS**

This Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation, which will be binding upon and effective as to all Parties, subject to Court approval.

30.   **PARTICIPATING CLASS MEMBERS BOUND BY SETTLEMENT**

Because the Class Members are numerous, it is impossible or impractical to have each Participating Class Member execute this Settlement.   The Class Notice will inform all Class Members of the binding nature of the releases described above, which shall have the same force and effect as if this Stipulation were executed by each Participating Class Member.

31.   **PARTIES' AUTHORITY TO SIGN**

The signatories to this Stipulation hereby represent that they are fully authorized to enter into this Stipulation on behalf of themselves or their respective principals.

## EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this document to evidence their acceptance of an agreement to the Stipulation.

DATED:  May __, 2014

_____
Jeffrey Schuyler, Plaintiff

DATED: May __, 2014

HACKER MURPHY, LLP

By _____
Ryan Finn, as to form
Counsel for Plaintiff and the Class

DATED: May __, 2014

FISHER & PHILLIPS, LLP

By _____
Joel W. Rice, as to form
Counsel for the Crawford Defendants

DATED: May __, 2014

MORGAN, LEWIS & BOCKIUS LLP

By _____
Michael J. Puma, as to form
Counsel for McDonald's

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFREY SCHUYLER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | NO. 5:13-cv-00521-NAM-ATB |
| vs. | ) ) | |
| CRAWFORD RESTAURANT GROUP, LLC, RALPH CRAWFORD d/b/a RALPH CRAWFORD ENTERPRISES, and MCDONALD'S CORPORATION, | ) ) ) ) | **PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |
| Defendants. | ) ) | |

On _____, 2014, the Court heard a motion by Defendants Crawford Restaurant Group, LLC and Ralph Crawford d/b/a Ralph Crawford Enterprises (the "Crawford Defendants") and named and opt-in Plaintiff Jeffrey Schuyler ("Plaintiff"), which Plaintiff submitted the motion individually and on behalf of the putative class.  The Court has considered the Joint Stipulation of Class Settlement and Release ("Stipulation") and the proposed Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") and attached exhibits and hereby finds and orders as follows:

The Court finds on a preliminary basis that the settlement memorialized in the Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

The Court conditionally certifies, for settlement purposes only, the settlement class described in the Stipulation, which includes all individuals who were employed by the Crawford Defendants for at least one day in the State of New York at any point from May 6, 2007 to the date of this Order.  The Court finds, for settlement purposes only, the requirements of Federal

-1-

Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied with respect to the Class Members' claims against the Crawford Defendants, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement.

This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited (nor shall the motion and supporting papers that resulted in this Order be cited) in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Stipulation.

The Court appoints, for settlement purposes only, Jeffrey Schuyler as the Class Representative.  The Court also approves the Individual Agreement concerning Plaintiff's Individual Release which was tendered to the Court for an *in camera* review.

If Crawford Defendants have not already done so, they shall tender the legally required CAFA notice within 10 days of this Order to the appropriate state officials.

The Court preliminarily approves Class Counsel's request for attorneys' fees and costs as set forth in the Stipulation.  The parties, within fourteen (14) days of this Order, are to retain an agreed upon Settlement Administrator, if they have not already done so.

The Class Notice, attached to the Stipulation as Exhibit B, and the Claim Form, Election Not to Participate in Settlement, and Settlement Administrator letter regarding inconsistent documentation, attached to the Class Notice as Forms A through C, respectively, are approved. The Settlement Administrator, upon the parties' retention, is ordered to mail those documents to the Class members as provided in the Stipulation.

Each Class Member who does not timely submit an Election Not to Participate in Settlement will have sixty (60) days after the date on which the Settlement Administrator mails

the Class Notice to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendants, and filing with the Court, so that it is received by the sixty (60) day deadline, a written objection to the Settlement.

The Court will conduct a Final Approval Hearing on _____, _____ at ____ a.m./p.m. to determine the overall fairness of the settlement, attorneys' fees and costs to Class Counsel. The Final Approval Hearing may be continued without further notice to Class Members.  The parties shall file a motion for approval of the settlement, including approval of attorneys' fees, costs sought in the Stipulation, on or before _____, _____.

IT IS SO ORDERED.

Dated: _____ , 2014

_____
The Honorable Andrew T. Baxter
United States Magistrate Judge

# EXHIBIT B

<u>NOTICE OF (1) PROPOSED CLASS SETTLEMENT AND<br>
(2) FINAL SETTLEMENT APPROVAL HEARING</u>

*Jeffrey Schuyler v. Crawford Restaurant Group Inc., Ralph Crawford<br>
d/b/a Ralph Crawford Enterprises, and McDonald's Corporation*<br>
Case No. 5:13-cv-00521-NAM-ATB

Please read this Notice carefully.  You may receive money from a class action settlement due to your employment with The Crawford Restaurant Group or Ralph Crawford Enterprises.

**1.      SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS**

Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

**a.      To Whom This Notice Is Directed:**

This Notice, which has been approved by the Court, is to notify Class Members (defined below) in the class action "*Jeffrey Schuyler v. Crawford Restaurant Group Inc., Ralph Crawford d/b/a Ralph Crawford Enterprises, and McDonald's Corporation*" currently pending in the United States District Court for the Northern District of New York, of the proposed Settlement of that case.  The Court has granted preliminary approval to the Settlement, and has conditionally certified the Class for Settlement purposes only.   The Court has certified, for settlement purposes, the following class (the "Class"): all individuals who were employed by the Crawford Restaurant Group and/or Ralph Crawford d/b/a Ralph Crawford Enterprises (the "Crawford Defendants") for at least one day in the State of New York at any point from May 6, 2007 to May __, 2014.

According to the Crawford Defendants' records, you are a member of the Class ("Class Member").  The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

**b.      What is a Class Action?**

A class action is a lawsuit in which the claims and rights of many people ("Class Members") are decided in a single court proceeding.  In this case, Jeffrey Schuyler (the "Class Representative") asserted claims on behalf of all the Class Members.

**c.      Important Options And Dates**

You have several options:

i)      To be eligible for a payment under the Settlement, you must fully complete and sign the Claim Form (which is attached to this Notice as Form A) and submit it to the Settlement Administrator by first-class mail, postmarked by _____, _____, or deliver it to the Settlement Administrator by that date, whether by mail, facsimile transmission, professional delivery, or personal delivery, following the procedure described in Section 4 below.  If you do not do this, you will receive no money from this Settlement.

ii)     You may object to the Settlement in writing, postmarked by _____, following the procedure described in Section 4(g) below.

iii)    You may elect not to participate in the Settlement, in which case you will no longer be a Class Member (and therefore you will receive no money under this Settlement and you will not have standing to object to the Settlement), and you will not release your claims.  To elect not to participate in the Settlement, you must fully complete and sign the Election Not to Participate in Settlement Form and submit it to the Settlement Administrator by first-class mail, postmarked by _____, _____, or deliver it to the Settlement Administrator by that date, following the procedure described in Section 4(f) below.

2.   **BACKGROUND OF THE ACTION**

a.   **The Claims At Issue**

On May 6, 2013, Plaintiff Jeffrey Schuyler ("Plaintiff" or "Class Representative") commenced a lawsuit against the Crawford Restaurant Group Inc., Ralph Crawford d/b/a Ralph Crawford Enterprises, and McDonald's USA, LLC, which was improperly named as McDonald's Corporation ("McDonald's") on behalf of himself and a group of allegedly similarly situated current and former employees of the Crawford Defendants in the United States District Court for the Northern District of New York (the "Action").  In the Action, Plaintiff primarily alleged that the Crawford Defendants did not properly pay Class Members overtime wages, did not provide Class Members with legally required wage handouts, and did not reimburse Class Members for uniform maintenance costs, among other claims. The Plaintiff requested damages under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and its implementing regulations.

The parties in the Action disagree as to the probable outcome of the Action with respect to liability and damages if it were not settled.  While the Plaintiff and his attorneys were prepared to proceed with litigating the case described above, they recognize that litigating is a risky proposition and that they may not have prevailed on any or all of his claims.  Likewise, while Defendants were confident that no class or collective action properly could be certified, and that they had strong legal and factual arguments that would result in the dismissal of the lawsuit, they recognize the risks, distractions, and costs involved with litigation.

b.   **Defendants' Denial of Liability**

Defendants deny all of the Plaintiff's allegations.  Specifically, the Crawford Defendants submit that there was no finding that Ralph Crawford of the Crawford Defendants "stole time,"

engaged in any "theft of time or wages," or otherwise intentionally deprived any Class Member of any wages due and owed.  The Crawford Defendants further deny that they were required to reimburse Class Members for "uniforms," as that term is defined under the applicable law, and further deny that they did not comply with the legally required wage handouts under the NYLL, and further deny and all claims brought against them by Plaintiff.

McDonald's denies that it or its affiliates employed Plaintiff or any putative Class Member and disclaims and denies any and all liability whatsoever.  McDonald's further denies that it instructed, controlled, or otherwise directed the Crawford Defendants or any Class Member in the day-to-day operations of the Crawford Defendants' business and denies any and all claims brought against it by Plaintiff.

**3.      SUMMARY OF THE SETTLEMENT**

This Settlement is the result of good-faith, arms-length negotiations between the Class Representative's attorneys and counsel for the Defendants.   McDonald's, which was not proven to have employed Plaintiff or any Class Member, is not required to contribute any money to the Settlement.  The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation.  The Class Representative and his counsel have determined that the Settlement is fair, reasonable and adequate and is in the best interests of the Class Members.  Please be advised that the Court has not ruled on the merits of the Plaintiff's claims or Defendants' defenses.

The attorneys for the Putative Class in the Action ("Class Counsel") are:

**HACKER MURPHY LLP**
James Hacker
Ryan M. Finn
7 Airport Park Blvd.
Latham, NY 12110
518.213.3710

-4-

The Attorneys for the Crawford Defendants are:

**FISHER & PHILLIPS LLP**
Joel Rice
Steve A. Miller
Jason D Keck
10 South Wacker Drive
Suite 3450
Chicago, Illinois 60606
312.346.8061

The Attorneys for Defendant McDonald's are:

**MORGAN, LEWIS & BOCKIUS LLP**
Michael J. Puma
Cailin Heilig
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5305

a.     **The Settlement Agreement And The Court's Final Approval Hearing**

The parties have presented the Settlement to the Court for its review.  On [_____]

2014, the Court granted preliminary approval of the proposed Settlement.  The Court will decide

whether to give final approval to the proposed Settlement, including the proposed Plaintiff's

Counsel's Attorneys' Fees and Costs Payment, at a hearing scheduled for _____

("Final Approval Hearing").  *See* Section 5 below for details.  Only after the Settlement is

granted final approval will money be paid to Class Members under the Settlement.

b.     **Summary Of Terms Of The Proposed Settlement**

Subject to Court approval, the terms of the Settlement are as follows:

      i)     The Crawford Defendants will pay a predetermined amount of money to

         the class settlement fund (the "Maximum Settlement Amount") to pay: (a)

         the timely and proper claims of Class Members; (b) the Crawford

         Defendants' share of payroll taxes related to the timely and proper claims

of Class Members; (c) Class Counsel's fees and costs; and (d) the costs of administering the Settlement.

ii)   After deduction from the Maximum Settlement Amount the amounts described above (leaving as the remainder the "Net Settlement Amount"), a Settlement Administrator to be agreed upon by the Parties and approved by the Court will make a settlement payment to each Class Member who submits a timely, proper and fully complete Claim Form (enclosed with this Notice).  These payments will be based on a formula that accounts for each Settlement Class Member's Compensable Work Weeks for the period of time in which he or she was a Class Member.

iii)  A portion of each payment made pursuant to this Settlement to a Claimant will be subject to required wage withholdings and deductions; therefore, the net payable amount will be less than the gross amount of the Settlement Share.  Neither Class Counsel nor Defendants make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice.

c.   **Release Of Claims**

i)   Release of State/Local Law Claims: Each Class Member who does not timely and properly request exclusion from the Settlement as set forth below (the "Participating Class Members") is deemed to have fully and finally released and discharged both the Crawford Defendants and McDonald's and their respective past, present and future parents, subsidiaries (whether or not wholly-owned), franchises, joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint venturers), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives (collectively, the "Releasees"), from any and all state and

-6-

local law wage/hour and wage payment claims, including the state law claims that were or could have been asserted in the Action and all other such claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (collectively, the "Participating Class Members' Released Claims").

ii)     Claimants' Release of Claims:  In addition, each Class Member who properly submits a complete, signed and timely Claim Form is deemed to have fully and finally released and discharged the Releasees from any and all federal, state and local wage/hour and wage/payment claims against Releasees, including all FLSA claims, all state and local law wage/hour and wage payment claims, all other claims that were or could have been asserted in the Action, and all other claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date such Claimant signs his or her Claim Form (collectively, the "Claimants' Released Claims").

iii)    Release of All Claims to Attorneys' Fees and Costs:  Class Counsel, Plaintiff, the Claimants, and the Participating Class Members, on behalf of themselves and their respective agents, representatives, predecessors, successors and assigns by this Settlement release Releasees from any and all rights and claims for attorneys' fees and costs in connection with the Action or Settlement (the "Released Fees/Costs Claims").

## 4.      HOW TO RECEIVE MONEY FROM THE SETTLEMENT

In order to be eligible to receive a payment under the Settlement, you must fully

complete, sign, and mail the enclosed Claim Form to the Settlement Administrator at the address listed below.  A pre-paid business envelope has been enclosed.  A completed Claim Form will be deemed timely submitted to the Settlement Administrator only if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than _____; or (ii) it is delivered to and received by the Settlement Administrator by the _____, whether by e-mail, mail, facsimile transmission, professional delivery, or personal delivery.

The Settlement Administrator is:

[TO BE COMPLETED]

If you need another Claim Form, contact the Settlement Administrator.  **If you do not submit a Claim Form, you will not receive any money from the Settlement.**

a.      **How Will My Settlement Share Be Calculated?**

After deducting from the Maximum Settlement Amount for approved attorneys' fees, litigation costs, the Crawford Defendants' share of payroll taxes applicable to the settlement payments, and the costs of administering the Settlement, a Settlement Administrator approved by the Court will make a settlement payment from the remaining amount (the "Net Settlement Amount") to each Class Member who submits a timely, proper and fully complete Claim Form (enclosed with this Notice).  These payments will be based on a formula that accounts for each Class Member's Compensable Work Weeks employed by the Crawford Defendants as a Class Member.

b.      **When Will My Share of the Settlement Be Distributed To Me?**

Within twenty-one days (21) days after the Court's order granting final approval of the Settlement becomes final and non-appealable, the Settlement Administrator will mail the Settlement Share checks to all Claimants who are eligible and submitted valid and timely Claim

Forms.

**c.     Settlement Share Checks Not Cashed Within Three Months Will Be Forfeited**

If any Claimant who submitted a timely and valid Claim Form does not cash the check for his or her Settlement Share within three months after issuance (90 days), he or she will not receive any proceeds under the Settlement and the Settlement Share proceeds will be returned to the Crawford Defendants.

**d.     Tax Consequences**

Fifty Percent (50%) of each Settlement Share paid to Plaintiff or participating class member who timely submits a valid claim form (a "Claimant") shall be payment for wages and reported on IRS Tax Form W-2s, and the remaining fifty percent (50%) of each settlement share paid to Plaintiff or Claimant shall be payment for interest/penalties and reported on IRS Tax Form 1099s.  The Crawford Defendants' share of employment taxes on the wage portion of the settlement payments shall be paid from the Settlement Fund as described above, and Plaintiff and Claimants are responsible for their respective share of employment taxes and all income taxes. The Claims Administrator will report all payments to government authorities including the IRS as required by law, and shall make all legally required deductions, withholdings and/or employment tax payments out of the Settlement Fund.

**e.     Non-Retaliation**

Defendants shall not engage in any unlawful retaliation against any Class Member who elects to participate in the Settlement.

**f.     To Request Exclusion From the Settlement**

If you do not want to participate in the Settlement, you must complete, sign and mail the

enclosed Election Not to Participate in Settlement (enclosed with this Notice as Form B) to the Settlement Administrator.  A completed Election Not to Participate in Settlement will be deemed timely submitted to the Settlement Administrator only if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than _____; or (ii) it is delivered to and received by the Settlement Administrator by the _____, whether by e-mail, mail, facsimile transmission, professional delivery, or personal delivery..

If you properly submit a timely Election Not to Participate in Settlement, you will not be eligible to receive any of the benefits under the Settlement and you will not have standing to object to the Settlement.  You will, however, retain whatever legal rights you may have against Defendants with regard to the claims released by the settlement.

g.      **How to Object to the Settlement**

If you have not timely submitted an Election Not to Participate in Settlement, you may object to the Settlement by submitting a written notice of objection.  However, if the Court grants final approval to the Settlement, you will still be bound by the Settlement.  You may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for Defendants, and the Settlement Administrator at their respective addresses listed above.

All objections must be signed and set forth your address, telephone number, and the name of the Action: *Jeffrey Schuyler et al v. The Crawford Restaurant Group, et. al.*  Case No. 5:13-cv-00521-NAM-ATB.  To be valid, any objections to the Settlement must be postmarked to (or received by) Class Counsel, Counsel for Defendants, and the Settlement Administrator, no later than _____, at the addresses listed above.  If you submit a timely and valid objection, you may appear either personally or through an attorney, at your own expense, at the Final Approval

-10-

Hearing, as discussed below.  Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the claims process, and any and all other aspects of the Settlement.  If you comment through an attorney, you will be solely responsible for the fees and costs of your own attorney.  If you object to the Settlement, but wish to receive your individual settlement payment if the Settlement is approved, you must comply with the claim form submission requirements described in Section 4.  If the Court approves the Settlement despite any comments or objections, and you have not properly submitted a Claim Form, you will not receive any money from the Settlement.

Regardless of whether you file an objection, in order to be eligible to receive any money under the Settlement, you must properly submit a timely Claim Form.

Regardless of whether you file an objection, you will be deemed to have released all of the Released State/Local Law Claims against Defendants as set forth above unless you properly request exclusion from the Settlement as set forth above.

### h.      If You Do Nothing

If you do nothing in response to this Notice, you will not be eligible to receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State/Local Law Claims as set forth above.

## 5.      FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the

proposed Settlement, the plan of allocation for the Settlement Shares, and Class Counsel's request for attorneys' fees and costs on _____ in Courtroom _____ of the United States District Court for the Northern District of New York, located at 100 South Clinton Street, Syracuse, New York 13261.  The Final Approval Hearing may be continued without further notice to Class Members.  **It is not necessary for you to appear at this hearing**.  You may appear at the hearing if you wish if you have given notice of any objections to the Settlement under the procedures set forth above.

6.      **ADDITIONAL INFORMATION**

      a.      **No Cost To You**

The Settlement does not require you to pay money out of pocket.  However, you are responsible for all taxes owed on your paid Settlement Share.

      b.      **No Tax Advice**

Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax obligations or penalties that may be imposed on any person.  This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction.  Class Counsel cannot give you tax advice.

      c.      **This Notice Provides Only A Summary**

This Notice only summarizes the Action, the Settlement, and other related matters.  For more information, you may review the Court's files, including the detailed Joint Stipulation of Class Settlement and Release, which will be on file with the Clerk of the Court, or call Class Counsel or Defendants' Counsel.  The pleadings and other records in this Action including the Joint Stipulation and Settlement Agreement, may be examined at the at the Office of the Clerk of Court, United States District Court for the Northern District of New York, 100 South Clinton

Street, Syracuse, New York 13261, or online through the Public Access to Court Electronic

Resources System, known as "PACER," at http://ecf.nysd.uscourts.gov.  **You may also contact**

**the Settlement Administrator at [==XXX.XXX.XXXX==].**  <u>**Do not telephone the Court for**</u>

<u>**information regarding this Settlement or the claim process.**</u>

      **d.**      **If You Have Questions**

Any questions regarding this Notice, the Claim Form, or the Election Not to Participate in

Settlement Form should be directed to the Settlement Administrator at the above address and

telephone number.  If your address changes, or is different from the one on the envelope

enclosing this Notice, please promptly notify the Settlement Administrator.

      **PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**FORM A**
**CLAIM FORM**

*Jeffrey Schuyler v. Crawford Restaurant Group Inc., Ralph Crawford*
*d/b/a Ralph Crawford Enterprises, and McDonald's Corporation*
Case No. 5:13-cv-00521-NAM-ATB

<u>Instructions</u>:  Please complete this Claim Form if you want to be eligible to receive a payment from the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") that accompanies this Form.  **The deadline for mailing this Form to the Settlement Administrator is _____.**

PERSONAL INFORMATION:

Name (first, middle and last):_____
Home Street Address:_____
City, State, Zip Code:_____
Last Four Digits of SSN:_____

PLEASE PROVIDE YOUR Home or Mobile Telephone Number:  (    )
PLEASE PROVIDE YOUR E-mail address (optional) – to be used only to communicate with you regarding the Settlement:_____

Please complete this following section **only** if you wish to change your name and/or mailing address information.

**New** name and mailing address:

Name (first, middle and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____) _____

1.      **YOUR WORK HISTORY WITH THE CRAWFORD RESTAURANT GROUP**

The amount of your Settlement share is based on a formula that accounts for your Compensable Work Weeks (i.e., weeks that you worked for the Crawford Restaurant Group or Ralph Crawford Enterprises (the "Crawford Defendants")).  According to records maintained by the Crawford Defendants, you worked approximately the following number of Compensable Work Weeks in the State of New York during the Class Period.

_____ Compensable Work Weeks

2.      **IF YOU DISPUTE THE CRAWFORD DEFENDANTS' RECORDS**

Please complete this Section **only if you disagree** with the number of work weeks that the Crawford Defendants' records indicate that you worked.  If you believe that this information is <u>incorrect</u>, please:

**a.**      Write in the space below the estimated number of work weeks you believe you worked at the Crawford Defendants during the Class Period.  A work week is considered to be any week in which you worked at least one day for the Crawford Defendants.

_____ Compensable Work Weeks

**b.**      Please attach to this Claim Form any documents that support the information you have provided regarding the number of work weeks you worked for the Crawford Defendants (for example, pay stubs or payroll records) or an explanation by you describing what you believe is inaccurate in the Crawford Defendants' records. <u>Please be advised that the Crawford Defendants' records are presumed to be correct unless the documents or explanation you provide demonstrates otherwise</u>.

3.      **RELEASE OF CLAIMS**

By signing and returning this Claim Form, you elect to opt into this Action to assert an FLSA claim and agree that you are bound by the Settlement, and agree that you have released

those claims identified in the Notice you received with this Claim Form, identified as both the "State/Local Law Released Claims" and the "Federal Law Released Claims."

4.    **MAILING INSTRUCTIONS**

Please mail, email or fax this completed Claim Form to the Settlement Administrator at the address listed below in the pre-paid business envelope, via email or fax.  Your completed Claim Form must be postmarked on or before _____ or else you will forfeit your benefits under this Settlement.  Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to be eligible to receive any benefits under the Settlement.  The address of the Settlement Administrator is:

> *Jeffrey Schuyler et al. v. The Crawford Restaurant Group, et al,* Settlement Administration
>
> c/o [TO BE COMPLETED]
>
> I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used.

5.    **PLEASE SIGN BELOW**

I hereby consent in writing to become a party plaintiff in the above-captioned action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

Dated:_____          _____
                                        (Signature)

                                        _____
                                        (Print Name)

If you have any questions about completing this Claim Form, please call the Settlement Administrator at XXX.XXX.XXXX.

-3-

**FORM B**

**ELECTION NOT TO PARTICIPATE IN SETTLEMENT**

*Jeffrey Schuyler v. Crawford Restaurant Group Inc., Ralph Crawford*
*d/b/a Ralph Crawford Enterprises, and McDonald's Corporation*
Case No. 5:13-cv-00521-NAM-ATB

<u>Instructions</u>:  Please complete this Form only if you do **not** want to participate in the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") that accompanies this Form.  If you choose to complete this Form, the deadline for mailing it to the Settlement Administrator is _____.

1.      **PERSONAL INFORMATION**

Name (first, middle and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____)_____

Please Provide Your Home or Mobile Telephone Number:  (      )

Please Provide Your E-mail address (optional – to be used only to communicate with you regarding the Settlement):_____

Last Four Digits of SSN: _____

2.      **REQUEST FOR EXCLUSION**

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein.  <u>I understand this means that I will not be eligible to receive any money or other benefits under the Settlement</u> and I will not have standing to object to the Settlement.  I also understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I had filed a claim under the Settlement.

-1-

**3.    MAILING INSTRUCTIONS**

If you choose to return this Form, you must return it to the Settlement Administrator

postmarked on or before _____ at the address listed below:

> *Jeffrey Schuyler et al. v. The Crawford Restaurant Group, et al,* Settlement
> Administration
>
> c/o [TO BE COMPLETED]

**4.    PLEASE SIGN BELOW.**

I certify that the foregoing statements made by me are true and correct.

Dated:_____

_____
(Signature)

_____
(Print Name)

**FORM C**
[SETTLEMENT ADMINISTRATOR LETTERHEAD]

[DATE]

[CLASS MEMBER NAME AND ADDRESS]

> *Re:* *Jeffrey Schuyler v. Crawford Restaurant Group Inc., Ralph Crawford*
> *d/b/a Ralph Crawford Enterprises, and McDonald's Corporation*
> Case No. 5:13-cv-00521-NAM-ATB

Dear [**NAME**]:

It appears that you have submitted inconsistent documentation with respect to whether you intend to participate in the above-referenced class action settlement (the "Settlement"). Specifically, you have submitted an Election Not to Participate in Settlement Form and you have also submitted a Claim Form.

Please complete the information below to indicate whether it is your intention to participate in the settlement (and be eligible to receive a payment) or to opt-out of the Settlement (and receive nothing), and return this form by _____ to

> *Jeffrey Schuyler et al. v. The Crawford Restaurant Group, et al,* Settlement Administration
>
> c/o [TO BE COMPLETED]

If this fully completed and signed Form is not received by _____, you will be deemed to have elected to participate in the settlement.

## 1.     PERSONAL INFORMATION

Name (first, middle and last): _____

Home Street Address:_____

City, State, Zip Code:_____

Home or Mobile Telephone Number:  (___)_____

Please Provide Your E-mail address (optional – to be used only to communicate with you regarding the Settlement):_____

**PLEASE CHOOSE ONE (<u>AND ONLY ONE</u>) OF THE FOLLOWING OPTIONS:**

**_____I elect to participate in the Settlement.  I understand that this means I am releasing all claims set forth in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing that I previously have received and read.**

**_____ I elect to opt out of participation in the Settlement.  I understand this means that I will not be eligible to receive any money or other benefits under the Settlement.**

**2.      PLEASE SIGN BELOW.**

Dated:_____

                                                        _____
                                                        (Signature)

                                                        _____
                                                        (Print Name)

                                                                Sincerely,

                                                                The Settlement Administrator

# EXHIBIT C

## <u>NOTICE OF PROPOSED SETTLEMENT</u>

PLEASE TAKE NOTICE THAT the parties to the above-referenced class action have reached a proposed settlement of the claims at issue in the litigation.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendants Crawford Restaurant Group Inc., Ralph Crawford d/b/a Ralph Crawford Enterprise (the "Crawford Defendants") and McDonalds USA, LLC, which was incorrectly named in the First Amended Complaint as McDonald's Corporation (collectively "Defendants") provide this notice to the Attorney General of the United States of America and the Attorney General of each State where the Crawford Defendants' records reflect that Class members reside.  Defendants enclose and/or states the following in accordance with its notice obligations under 28 U.S.C. §1715(b):

1.  Plaintiff's First Amended Complaint in the above-titled action;
2.  The parties' Joint Stipulation of Class Settlement and Release;
3.  The parties' proposed Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing, which includes information about the scheduled judicial hearing in the above-titled action;
4.  The parties' proposed Election Not to Participate in Settlement Form;
5.  The parties' proposed Claim Form;
6.  A reasonable estimate of Class Members and the estimated proportionate share of the claims of Class Members to the entire settlement.

PLEASE TAKE FURTHER NOTICE that, to the extent you wish to comment on the settlement, the Court has scheduled a judicial hearing for final approval on _____ at _____ a.m./p.m. **[NOTE: must be at least 90 days after date notice is sent]** at the United States District Court for the Northern District of New York, Courtroom [__],100 South Clinton Street, Syracuse, New York 13261.  If you choose to comment, you may do so electronically (the Court provides information about its electronic case filing system at http://ecf.nysd.uscourts.gov), or in hard copy form to Clerk of Court, United States District Court, Northern District of New York, 100 South Clinton Street, Syracuse, New York 13261.  If you choose to comment, please also provide notice to the parties' counsel as follows:

The attorneys for the Putative Class in the Action ("Class Counsel") are:

**HACKER MURPHY LLP**
James Hacker
Ryan M. Finn
7 Airport Park Blvd.
Latham, NY 12110
518.213.3710

The Attorneys for the Crawford Defendants are:

**FISHER & PHILLIPS LLP**
Joel Rice
Steve A. Miller
Jason D Keck
10 South Wacker Drive
Suite 3450
Chicago, Illinois 60606
312.346.8061

The Attorneys for Defendant McDonald's are:

**MORGAN, LEWIS & BOCKIUS LLP**
Michael J. Puma
Cailin Heilig
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5305

If you have questions about this notice, the underlying action, or the enclosed materials,

please contact counsel for Plaintiff and/or counsel for Defendants as provided above.

Dated: _____, 2014                    **FISHER & PHILLIPS, LLP**

                                                By:   __/s/_____
                                                      Joel W. Rice
                                                      Counsel for the Crawford
                                                      Defendants

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFREY SCHUYLER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | NO. 5:13-cv-00521-NAM-ATB |
| vs. | ) ) ) | **PROPOSED ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION; (2)** |
| CRAWFORD RESTAURANT GROUP, LLC,RALPH CRAWFORD d/b/a RALPH CRAWFORD ENTERPRISES, and MCDONALD'S CORPORATION, | ) ) ) ) | **GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT** |

This matter came on for hearing upon the Court's Order of _____, 2014 following the parties' joint motion for final approval of the settlement in this action.  Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a.　　The Court has jurisdiction over the subject matter of the above-captioned matter, the Plaintiff, individually and on behalf of the putative class, and Defendants Crawford Restaurant Group, LLC, Ralph Crawford d/b/a Ralph Crawford Enterprises (the "Crawford Defendants") and McDonald's USA, LLC (incorrectly identified as McDonald's Corporation in Plaintiff's First Amended Complaint) ("McDonald's," and collectively "Defendants"), and all members of the settlement Class, which, as defined in the Stipulation constitutes those individuals who were employed by the Crawford Defendants for at least one day in the State of New York at any point from May 6, 2007 to the date of this Court's Preliminary Approval Order ("Class Member").

b.　　The term Stipulation shall refer to the Joint Stipulation of Class Settlement and Release filed by the parties in this case in connection with their application for

preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided herein.

**c.**     The Court grants final approval of the Parties' Stipulation.

**d.**     The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Claim Form, and an Election Not to Participate in Settlement ("Opt-Out"), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate.  These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  [No Settlement Class Members objected to the Settlement, and only ___ individuals opted out of the Settlement.]

**e.**     The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3) of the Class Members' claims against the Crawford Defendants.  Accordingly, solely for purposes of effectuating this settlement, this Court has certified the Class.  Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

**f.**     The Court approves the Settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Class, the Plaintiff, and Defendants (collectively

2

"Settling Parties").  The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

**g.**  Except as to any individual claim of those persons (identified in Attachment ___ hereto, if any) who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Plaintiff and the Settlement Class Members.

**h.**  By this Judgment, the Plaintiff and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged, Defendants and their past, present and future parents, subsidiaries (whether or not wholly-owned), franchises, joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities (collectively the "Releasees"), from any and all state and local law wage/hour and wage payment claims, including the state law claims that were or could have been asserted in the Action and all other such claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (collectively, the "Participating Class Members' Released Claims").

**i.**  By this Judgment, each and every Claimant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Releasees from any and all federal, state and local wage/hour and wage/payment claims against Releasees, including all FLSA claims, all state and local law wage/hour and wage payment claims, all other claims that were or could

3

have been asserted in the Action, and all other claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date such Claimant signs his or her Claim Form (collectively, the "Claimants' Released Claims").  In addition, Plaintiff hereby releases the Releasees from any and all claims that were or could have been asserted in the Action and any and all other legally waivable claims of any kind, including all those arising out of or relating to his or her employment with and compensation by the Crawford Defendants, including discrimination and retaliation claims, all FLSA claims, all state and local law wage/hour and wage payment claims, and all claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (the "Plaintiff's Released Claims").

**j.**     By this Judgment, Class Counsel, Plaintiff, Claimants, and the Participating Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged the Releasees from any and all rights and claims for attorneys' fees and costs in connection with the Action or Settlement (the "Released Fees/Costs Claims").

**k.**     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (including all motion papers and supporting documents in connection with preliminary and final approval):  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendants or any of the Releasees, or whether class or collective action certification or decertification is warranted in any other litigation; or (ii) is or may

4

be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**l.**    The Action is dismissed on the merits and with prejudice, permanently barring the Plaintiff and all other Settlement Class Members (other than those who timely filed Election Not to Participate Forms) from prosecuting any of Plaintiff's Released Claims, the Participating Class Members' Released Claims, the Claimants' Released Claims, and Class Counsel's Released Fees/Costs Claims.

**m.**    The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Shares to Claimants shall be done in accordance with the terms outlined in the Class Notice and Stipulation.

**n.**    The Court hereby orders the appointment of Jeffrey Schuyler as Class Representative for the Settlement Class for purposes of settlement.

**o.**    The Court hereby orders the appointment of James Hacker and Ryan M. Finn of Hacker Murphy, LLP, as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

**p.**    The Crawford Defendants have agreed to pay from the Qualified Settlement Fund:  (i) Class Counsel their approved attorneys' fees and costs in this matter; (ii) the Settlement Administrator its reasonable fees for its services; and (iii) the Crawford Defendants' share of payroll taxes on the Settlement Payments.  The Court finds that these payments are fair and reasonable.  Accordingly, the Court hereby awards to Class Counsel for attorneys' fees and costs the sum of █████

████████████████████████████████████████████████

($███████_ as the Plaintiffs' Counsel's Attorneys' Fees and Costs Payment, of which ███████████████████████████████████ (██████ ($███████) is the proposed Attorneys' Fees and ███████████ ($███████████████████████████████████████ ($███████) are the costs and disbursements incurred in the Action. The Court also hereby approves the payment of settlement administration costs in the approximate amount of $ _____ _____ to, the Settlement Administrator, for services rendered in this matter.

**q.**  The Settlement Administrator is further directed to make all of the foregoing payments to Class Counsel, the Settlement Administrator, and the Claimants in accordance with the terms of the Stipulation.  Those payments come out of the total Qualified Settlement Fund provided for in the Stipulation, and the Crawford Defendants shall not be required to make any additional payments in connection with this Settlement.

**r.**  This matter is hereby dismissed with prejudice.  The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, Plaintiff, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

**s.**  This Judgment shall not be cited (nor shall the motion and supporting papers that resulted in this Judgment or the transcript of the final approval hearing be cited) in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Judgment or Stipulation.

**t.**  This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____.

_____
The Honorable Andrew T. Baxter
United States Magistrate Judge

6