UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFREY SCHUYLER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | NO. 5:13-cv-00521-NAM-ATB |
| vs. | ) ) ) | **ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION; (2)** |
| CRAWFORD RESTAURANT GROUP, LLC,RALPH CRAWFORD d/b/a RALPH CRAWFORD ENTERPRISES, and MCDONALD'S CORPORATION, | ) ) ) ) | **GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT** |

This matter came on for hearing upon the Court's Order of May 13, 2014, following the Crawford Defendants' (as defined below) and Plaintiff's[1] joint motion for final approval of the settlement in this action.  Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

**a.**   The Court has jurisdiction over the subject matter of the above-captioned matter, the Plaintiff, individually and on behalf of the putative class, and Defendants Crawford Restaurant Group, LLC, Ralph Crawford d/b/a Ralph Crawford Enterprises (the "Crawford Defendants") and McDonald's USA, LLC ("McDonald's")(incorrectly identified as McDonald's Corporation in Plaintiff's First Amended Complaint) (the parties collectively referred to as "Defendants"), and all members of the settlement Class, which, as defined in the Stipulation constitutes those individuals who were employed by the Crawford Defendants for at least one day in the State of New York at any point from May 6, 2007 to May 13, 2014 ("Class Member").

---

[1] McDonalds is not a party to the motion but is an intended beneficiary of the settlement.

**b.**     The term Stipulation shall refer to the Joint Stipulation of Class Settlement and Release filed by the parties in this case in connection with their application for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided herein.

**c.**     The Court grants final approval of the Parties' Stipulation and the amendments thereto as articulated in the Parties' Joint Motion to Amend the Preliminary Order.  [D. 60].

**d.**     The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Claim Form, and an Election Not to Participate in Settlement ("Opt-Out"), constituted the best notice practicable under the circumstances to all persons within the definition of the Class Members and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Class Members was adequate.  These papers informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  No Class Members objected to the Settlement, and only seven (7) individuals opted out of the Settlement.

**e.**     The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3) of the Class Members' claims against the Crawford Defendants.  Accordingly, solely for purposes of effectuating this settlement, this Court has certified the Class. Because the Rule 23 class is being certified here for settlement purposes only, the

Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

**f.** The Court approves the Settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation and the amendments thereto as articulated in the Parties' Joint Motion to Amend the Preliminary Order as fair, just, reasonable and adequate as to the Settlement Class, the Plaintiff, and Defendants (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation and this Order.

**g.** Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Plaintiff, the Settlement Class Members, and Claimants.

**h.** By this Judgment, the Plaintiff and each Settlement Class Member (including Claimants) who has not validly and timely requested exclusion from the Settlement by opting out, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged, Defendants and their past, present and future parents, subsidiaries (whether or not wholly-owned), franchises, joint venturers, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint venturers), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities (collectively the "Releasees"), from any and all state and local law wage/hour and wage payment claims, including the state law claims that were or could have been asserted in the action and all other such claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown,

arising on or before the date the Final Approval Order becomes Final (collectively, the "Participating Class Members' Released Claims").

**i.**     By this Judgment, each and every Claimant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Releasees from any and all federal, state and local wage/hour and wage/payment claims against Releasees, including all FLSA claims, all state and local law wage/hour and wage payment claims, all other claims that were or could have been asserted in the action, and all other claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date such Claimant signs his or her Claim Form (collectively, the "Claimants' Released Claims").  In addition, Plaintiff hereby releases the Releasees from any and all claims that were or could have been asserted in the action and any and all other legally waivable claims of any kind, including all those arising out of or relating to his or her employment with and compensation by the Crawford Defendants, including discrimination and retaliation claims, all FLSA claims, all state and local law wage/hour and wage payment claims, and all claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, uniform maintenance, claims under the NYLL and the Wage Theft and Prevention Act, or the New York Wage and Hospitality Order, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (the "Plaintiff's Released Claims").

**j.**     By this Judgment, Class Counsel, Plaintiff, Claimants, and the Participating Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged the Releasees from any and all rights and claims for attorneys' fees and costs in connection with the action or Settlement (the "Released Fees/Costs Claims").

4

**k.**     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (including all motion papers and supporting documents in connection with preliminary and final approval): (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendants or any of the Releasees, or whether class or collective action certification or decertification is warranted in any other litigation; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**l.**     The action is dismissed on the merits and with prejudice, permanently barring the Plaintiff, the Settlement Class Members (other than those who timely filed Election Not to Participate Forms), and Claimants from prosecuting any of Plaintiff's Released Claims, the Participating Class Members' Released Claims, the Claimants' Released Claims, and Class Counsel's Released Fees/Costs Claims, and also permanently barring Class Counsel from prosecuting any Released Fees/Costs Claims.

**m.**     The Court finds that the plan of allocation set forth in the Stipulation, and the amendments thereto, as articulated in the Parties' Joint Motion to Amend the Preliminary Order, is fair and reasonable and that distribution of the Settlement Shares to Claimants shall be as follows: Once the Qualified Settlement Fund is Fully Funded (as defined in the Stipulation), which is expected to be on or about April 15, 2015, the Settlement Administrator is ordered to disburse each Claimant's *pro rata* settlement share in the manner set forth in the Stipulation,

and as calculated by the Settlement Administrator.  No disbursements to Class Counsel or the Settlement Administrator shall be made before the Qualified Settlement Fund is Fully Funded.  The Settlement Administrator shall disburse all funds as set forth in the Stipulation and this Order once the Qualified Settlement Fund is fully funded, absent intervening Court Order.  The Parties are hereby ordered to immediately notify the Court in the event the Qualified Settlement Fund will not be Fully Funded on or before April 15, 2015.

**n.**     The Crawford Defendants have agreed to pay from the Qualified Settlement Fund:  (i) Class Counsel their approved attorneys' fees and costs in this matter; (ii) the Settlement Administrator its reasonable fees for its services; and (iii) the Crawford Defendants' share of payroll taxes on the Settlement Payments.  The Court finds that these payments are fair and reasonable.  Accordingly, the Court hereby approves Class Counsel's request for attorneys' fees and costs as set forth in the Memorandum of Law in Support of the Final Approval Motion.

**o.**     The Court also hereby approves the payment of settlement administration costs as set forth in the Memorandum of Law in Support of the Final Approval Motion. The Court also hereby approves the reversion of monies from the gross settlement amount to the Crawford Defendants, as articulated more fully in the Stipulation.

**p.**     The Settlement Administrator is further directed to make all of the foregoing payments to Class Counsel, the Settlement Administrator, and the Claimants in accordance with the terms of the Stipulation and Paragraph m, above.  Those payments come out of the total Qualified Settlement Fund provided for in the Stipulation, and the Crawford Defendants shall not be required to make any additional payments in connection with this Settlement.

**q.**     <u>This matter is hereby dismissed with prejudice</u>.  The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, Plaintiff, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

**r.**    This Judgment shall not be cited (nor shall the motion and supporting papers that resulted in this Judgment or the transcript of the final approval hearing be cited) in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Judgment or Stipulation.

**s.**    This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Dated: _December 9, 2014_ .

The Honorable Andrew T. Baxter
United States Magistrate Judge